| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>LARA FAKHOURY,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:25-bk-15107-SY<br>CHAPTER: 13<br><br>**SECOND AMENDED**<br>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br>(with supporting declarations)<br><br>DATE: 08/20/2025<br>TIME: 9:30 am<br>COURTROOM: 302 |
|---|---|

**Movant:** LARA FAKHOURY

1. NOTICE IS HEREBY GIVEN to Wilmington Trust, NA
(Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012        ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☒ 3420 Twelfth Street, Riverside, CA 92501

3. ☐ a. This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                           Page 1                              **F 4001-1.IMPOSE.STAY.MOTION**

attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

☒ b. This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: ☒ at the hearing ☒ at least __0__ days before the hearing.

   (1) ☒ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon appropriate creditor(s) and trustee, if any.

   (3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: 08/11/2025

Nexus Bankruptcy
Printed name of law firm (if applicable)

Benjamin Heston
Printed name of individual Movant or attorney for Movant

/s/Benjamin Heston
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 4001-1.IMPOSE.STAY.MOTION**

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** LARA FAKHOURY

1. **The Property or Debt at Issue:**
   a. ☒ Movant moves for an order imposing a stay with respect to the following property (Property):
   ☐ Vehicle (*describe year, manufacturer, type, and model*):
   Vehicle Identification Number:
   Location of vehicle (*if known*):

   ☐ Equipment (*describe manufacturer, type, and characteristics*):
   Serial number(s):

   Location (*if known*):

   ☐ Other Personal Property (*describe type, identifying information, and location*):

   ☒ Real Property
   Street Address: 1243 Jacaranda Place
   Apt./Suite No.:
   City, State, Zip Code: Upland, CA 91784
   Legal description or document recording number (include county of recording):

   ☐ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor)  Wilmington Trust, NA (9726 Old Bailes Road, Suite 200, Fort Mill, SC 29707)

   to secure the sum of approximately $ 810,000.00     now owed. (Secured Creditor/Lessor). Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

   b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

   c. ☐ Movant moves for an order **imposing a stay** as to *all creditors*.

   d. ☒ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor*; and/or

   e. ☐ Movant moves for an order continuing the **automatic stay** as to *all creditors*.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition concerning an individual[s] under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed concerning the present case on (*specify date*): 07/25/2025

   b. ☐ An Order of Conversion to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*specify date*):

   c. ☐ Plan was confirmed on (*specify date*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 3                           **F 4001-1.IMPOSE.STAY.MOTION**

d. Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

1. Case name: In re Lara Fakhoury
   Case number: 6:25-bk-13166-SY          Chapter: 13
   Date filed: 05/15/2025                 Date dismissed: 7/15/2025
   Relief from stay re this Property      ☐ was    ☒ was not granted
   Reason for dismissal: Dismissed at confirmation for failure to make payments.

2. Case name:
   Case number:                           Chapter:
   Date filed:                            Date dismissed:
   Relief from stay re this Property      ☐ was    ☐ was not granted
   Reason for dismissal:

   ☐ See attached continuation page

e. ☐ As of the date of this motion the Debtor ☐ has ☐ has not  filed a statement of intentions regarding this Property as required under 11 U.S.C. § 521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not  performed as promised therein.

f. ☒ The first date set for the meeting of creditors under 11 U.S.C. § 341(a) is/was  8/27/2025  and the court ☐ has ☐ has not  fixed a later date for performance by Debtor of the obligations described at 11 U.S.C. § 521(a)(2). The extended date (*if applicable*) is _____.

g. ☐ In a previous case(s), as of the date of dismissal there was:
   ☐ an action by the Secured Creditor/Lessor under 11 U.S.C. § 362(d) still pending or
   ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows:

   a) 1. Property description/value: 1243 Jacaranda Place, Up[land, CA       $ 1,500,000.00
      2. Creditor/Lien amount: Wilmington Trust, NA                          $ 810,000.00
      3. Creditor/Lien amount: _____                       $ _____
      4. Creditor/Lien amount: _____                       $ _____
      5. Creditor/Lien amount: _____                       $ _____
      6. Total Liens                                                         $ 810,000.00
      7. Debtor's Homestead Exemption                                        $ 475,000.00
      8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) $ 215,000.00

   b) 1. Property description/value: _____                 $ _____
      2. Creditor/Lien amount: _____                       $ _____
      3. Creditor/Lien amount: _____                       $ _____
      4. Creditor/Lien amount: _____                       $ _____
      5. Creditor/Lien amount: _____                       $ _____
      6. Total Liens                                                         $ _____
      7. Debtor's Homestead Exemption                                        $ _____
      8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) $ _____

   ☐ See attached continuation page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 4                    **F 4001-1.IMPOSE.STAY.MOTION**

4. **Grounds for Continuing The Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

   1. ☐ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

      A. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);
      B. ☒ Good faith is shown because
         Debtor now has $70,000 which will fund plan payments. She and her spouse are working to increase income, and if needed, will sell their home with significant equity through the bankruptcy. See attached Declaration of Lara Fakhoury

         ☐ See attached continuation page

   2. ☒ The Property is of consequential value or benefit to the estate because:

      A. ☐ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached (*describe separately as to each property*);

      B. ☒ The Property is necessary to a reorganization for the following reasons:
         The Property is Debtor's residence and is inherently necessary for reorganization. In re Elmore, (BC CD CA 1988) 94 BR 670, 677.

         ☐ See attached continuation page

      C. ☒ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection):
         The Debtor will be making post-petition payments. 11 U.S.C. §361(1). The Property has a substantial equity cushion. In re Mellor, (9th Cir. 1984) 734 F2d 1396, 1400; Matter of Plaza Family Partnership, (ED CA 1989) 95 BR 166, 171; In re Helionetics, Inc. (BCCD) CA 1987) 70 BR 433, 440; In re Southerton Corp. (MD PA 1982) 46 BR 391, 399.
         ☐ See attached continuation page

   3. ☒ The presumption of a bad faith filing under 11 U.S.C. § 362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

      A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§ 362(i);
      B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;
      C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because:

         ☐ See attached continuation page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 5                         **F 4001-1.IMPOSE.STAY.MOTION**

D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

☐ See attached continuation page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

☐ See attached continuation page

F. ☒ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:
Debtor has gotten assistance in order to fund plan payments while her spouse is looking for employment.
See attached Declaration of Lara Fakhoury
From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☐ For the following additional reasons:

☐ See attached continuation page

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§ 362(c)(3)(C)(ii) is overcome in this case because

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**
  a. ☐ Pursuant to 11 U.S.C. § 362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
    1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 6    **F 4001-1.IMPOSE.STAY.MOTION**

Case 6:25-bk-15107-SY    Doc 22    Filed 08/11/25    Entered 08/11/25 10:51:17    Desc
Main Document    Page 7 of 13

2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons:

_____
_____
_____

☐ See attached continuation page

3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (*describe Movant's proposal for adequate protection*):

_____
_____
_____

☐ See attached continuation page

b. ☐ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

  1. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

  2. ☐ Good faith is shown because:

_____
_____
_____

☐ See attached continuation page

c. ☐ The presumption of a bad faith filing under 11 U.S.C.§ 362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

  1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows:

_____
_____
_____

☐ See attached continuation page

  2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

  3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

_____
_____
_____

☐ See attached continuation page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                  Page 7                        **F 4001-1.IMPOSE.STAY.MOTION**

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

(from which the court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

☐ See attached continuation page

6. ☐ For the following additional reasons:

☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(4)(D)(ii) is overcome in this case because

☐ See attached continuation page(s)

6. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be attached hereto*.)

   a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.
   b. ☒ Other Declaration(s) are also attached in support of this Motion.
   c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____
   d. ☐ Other evidence (*specify*):

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion**.

**WHEREFORE, Movant prays that this court issue an Order Imposing a Stay and granting the following (*specify forms of relief requested*):**

1. ☐ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                        Page 8                                        **F 4001-1.IMPOSE.STAY.MOTION**

2. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court.

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by (*specify proposed adequate protection*)

8. ☐ For other relief requested, see attached continuation page.

Date: 8/11/2025

Respectfully submitted,

Lara Fakhoury
Movant name

Nexus Bankruptcy
Firm name of attorney for Movant (if applicable)

/s/Benjamin Heston
Signature

Benjamin Heston
Printed name of individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I, _____, am the _____ of Movant. I have read the foregoing motion consisting of _____ pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
*Date*           *Printed name of declarant*  *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 9    **F 4001-1.IMPOSE.STAY.MOTION**

**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No: 6:25-bk-15107-SY |
| LARA FAKHOURY, | Chapter 13 |
| Debtor. | **DECLARATION OF LARA FAKHOURY IN SUPPORT OF MOTION TO CONTINUE THE AUTOMATIC STAY** |

I, Lara Fakhoury, declare as follows:

1. I am the Debtor in this bankruptcy case. I have personal knowledge of all matters stated herein and if called to testify, I could competently testify thereto.

2. I filed this case in good faith following the dismissal of my prior Chapter 13 case which was dismissed at the Confirmation Hearing on July 16, 2025.

3. The primary reason for seeking bankruptcy relief was to address the mortgage delinquency on our primary residence. My spouse and I fell behind due to temporary financial difficulties, but we remain committed to retaining the property and using this bankruptcy case to get caught up on payments. Our home has substantial equity of approximately $700,000.

4. Since dismissal, my spouse and I have received approximately $70,000 in contributions from acquaintances whom my spouse had helped in the past. These funds are currently in my possession and will be used to fund payments. Attached hereto are true and correct

screenshots from my banking apps which show the funds I have available in my accounts.

5. Additionally, my spouse is actively seeking employment and has prospects lined up.
6. I believe that I will be able to confirm a plan in this case, and I am committed to fulfilling everything that is required of me and cooperating with the Chapter 13 Trustee.
7. I respectfully request that the Court extend the automatic stay so that we may proceed with our efforts and either cure the mortgage delinquency or, if absolutely necessary, sell the property under the protections of the Bankruptcy Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: August 7, 2025

_____
LARA FAKHOURY




# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3090 Bristol Street #400
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled: **SECOND AMENDED NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE (with supporting declarations)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/11/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR) notice-efile@rodan13.com
Edward A Treder cdcaecf@bdfgroup.com
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/11/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| The Honorable Scott H. Yun<br>3420 Twelfth Street<br>Suite 345 / Courtroom 302<br>Riverside, CA 92501-3819 | Barrett Daffin Frappier Treder & Weiss, LLP<br>3990 East Concours Street, Suite 350<br>Ontario, CA 91764 | Wilmington Trust, NA<br>9726 Old Bailes Road, Suite 200<br>Fort Mill, SC 29707 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/11/2025 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*     Page 10     **F 4001-1.IMPOSE.STAY.MOTION**