DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. Concours Street, Suite 350
Ontario, CA 91764
(626) 371-7000 – Phone
(972) 661-7726 – Fax
File No. 10483089
cdcaecf@BDFGroup.com

Attorneys for Objecting Secured Creditor
WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>LARA FAKHOURY,<br><br>Debtor. | CASE NO.:    6:25-bk-15107-SY<br><br>CHAPTER:    13<br><br>OPPOSITION TO SECOND AMENDED MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY<br><br><u>HEARING:</u><br><br>DATE:    August 20, 2025<br>TIME:    9:30 a.m.<br>CTRM:    302 |

Secured Creditor WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2 ("Wilmington") hereby submits the following opposition to Debtor Lara Fakhoury's ("Debtor") Second Amended Motion for Order Imposing a Stay or Continuing the Automatic Stay filed on August 11, 2025 (Dkt. #22) and set for hearing on August 20, 2025 at 9:30 a.m. ("Motion") based upon the following:

1
OPPOSITION

1. Wilmington holds a secured claim evidenced by a promissory note in the original principal amount of $780,000.00 ("Loan Obligation") executed by Debtor Lara Fakhoury ("Debtor") on or about January 25, 2019, collateralized by a first priority deed of trust encumbering Debtor's real property located at **1243 Jacaranda Place, Upland, CA 91784** ("Property") and recorded on January 29, 2019, as Instrument No. 2019-0029406, Official Records of San Bernardino County, California. The mortgage payments on the Loan Obligation are due on the 1st day of each month. Debtor's Motion identifies Wilmington's Loan Obligation.

2. Prior to the filing of this case, Debtor had one bankruptcy case which was pending within the prior twelve (12) months. On May 15, 2025, Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code commencing United States Bankruptcy Court, Central District of California, Case No. 6:25-bk-13166-SY (the "Prior Case"). The following occurred in Debtor's Prior Case:

A. On May 29, 2025, Debtor filed Schedules I and J (Dkt. #11);[1]

B. On June 12, 2025, Wilmington filed an Objection to the Confirmation of Debtor's Plan;

C. On June 25, 2025, Rod Danielson Chapter 13 Trustee filed an Objection to Plan Confirmation and Request for Dismissal or Conversion to Chapter 7.[2]

D. On July 15, 2025, the Prior Case was dismissed at the confirmation hearing and the Order and Notice of Dismissal was entered on July 16, 2025 (Dkt. #21).[3]

3. Nine days later, on July 25, 2025, Debtor commenced the current case. Wilmington has advised the pre-petition arrearages are approximately $138,587.05, which includes sixteen (16) delinquent

---

[1] True and correct copies of Debtor's Schedules I and J filed on May 29, 2025 (Dkt. #11) are collectively attached as Exhibit 1 to the Request for Judicial Notice filed concurrently herewith ("RJN").
[2] A true and correct copy of Rod Danielson Chapter 13 Trustee's Objection to Plan Confirmation and Request for Dismissal or Conversion to Chapter 7 filed on June 25, 2025 in Debtor's Prior Case is attached as Exhibit 2 to the RJN..
[3] A true and correct copy of the Order and Notice of Dismissal entered on July 16, 2025 (Dkt. #21) in Debtor's Prior Case is attached as Exhibit 3 to the RJN.

monthly mortgage payments for April 1, 2024 through and including July 1, 2025 totaling $82,032.48. Wilmington has also advised prior to the filing of the current case, the last payment received was on March 18, 2024 which paid the March 1, 2024 mortgage payment.  Wilmington has advised the amount of the August 1, 2025 monthly mortgage payment is $7,823.33, consisting of principal and interest in the amount of $5,410.29 and escrow in the amount of $2,413.04 for payment of the taxes and insurance associated with the Property.

4.      On August 11, 2025, Debtor filed the instant Motion seeking to extend the automatic stay under 11 U.S.C. section 362(c)(3)(C) alleging that the presumption of a bad faith filing is overcome because there has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case as follows:

> "Debtor has gotten assistance in order to fund plan payments while her spouse is looking for employment."[4]

Debtor's Declaration attached to the Motion reflects she has received $70,000 in contributions from acquaintances which will be used to fund plan payments.[5]

The Motion reflects from this, the court may conclude that this case will result in a confirmed plan that will be fully performed.

5.      Essentially, Debtor alleges the presumption of a bad faith filing is overcome because there has been a substantial change in her financial affairs, specifically, the $70,000 contribution which will allegedly be used to fund her plan.  Based thereon, Debtor seeks to extend the automatic  stay.

6.      Wilmington respectfully submits that Debtor's income has substantially decreased since the dismissal of the Prior Case.  Further, the Motion provides no reason for the Court to conclude that the current chapter 13 case will result in a confirmed chapter 13 plan that will be

---

[4] *See*, Motion at Page 6, ¶ 3.F.
[5] *See*, Declaration at Page 10, ¶ 4.

performed. The Motion should be denied.

## DEBTOR'S SCHEDULED INCOME IN THE CURRENT CASE IS SUBSTANTIALLY LESS THAN HER SCHEDULED INCOME IN THE PRIOR CASE

7. On May 29, 2025, Debtor filed Schedules I and J (Dkt. #11) in the Prior Case.[6] Debtor's Schedule I, Line 12 reflects Debtor's combined monthly income is the amount of $8,192.01 consisting of Debtor's take-home pay in the amount of $3,939.01 and contributions from her brother in the amount of $4,253.00.[7]

8. Debtor's Schedule J, Line 23c filed in the Prior Case reflects Debtor's monthly net income is $512.01.[8]

9. On August 8, 2025, Debtor filed Schedules I and J (Dkt. #16) in the Current Case.[9] Debtor's Schedule I, Line 10 reflects Debtor's monthly income is the amount of $3,961.99[10] consisting of only Debtor's take-home pay. This amount is $4,230.02 less than her scheduled monthly income in the Prior Case ($8,192.01 - $3,961.99 = $4,230.02).

10. Debtor's Schedule J, Line 23c filed in the Current Case reflects Debtor's monthly net income is -$4,463.01.[11] In the Prior Case, Debtor had monthly net income in the amount of $512.01. In the Prior Case, Debtor had positive cash flow each month. In the Current Case Debtor is operating in the negative each month in the amount of - $4,463.01.

11. The record reflects Debtor's scheduled income to fund her Plan in the Current Case is substantially less than her scheduled income in the Prior Case.

///

---

[6] *See,* RJN, Exhibit 1.
[7] *See*, RJN, Exhibit 1, Schedule I.
[8] *See,* RJN, Exhibit 1, Schedule J.
[9] True and correct copies of Debtor's Schedules I and J filed on August 8, 2025 as Docket No. 16 in the current case are collectively attached as Exhibit 4 to the RJN.
[10] *See,* RJN, Exhibit 4, Schedule I.
[11] *See,* RJN, Exhibit 4, Schedule J.

## DEBTOR'S SCHEDULED MONTHLY NET INCOME

## IN THE CURRENT CASE IS ACTUALLY NEGATIVE $6,541.25

12. Debtor's Schedule J, line 23c filed in the Current Case reflects Debtor's monthly net income in the amount of -$4,463.02.[12] However, that amount is overstated.

13. Debtor's Schedule J, Line 4 reflects Debtor's monthly mortgage payment is $5,745. Wilmington has advised the amount of the August 1, 2025 mortgage payment is $7,823.33, which is $2,078.33 more than $5,745 ($7,823.33 - $5,745 = $2,078.33). As a result, Debtor's scheduled monthly mortgage payment is understated in the amount of $2,078.33. Because the scheduled mortgage expense is understated, Debtor's scheduled net income is overstated by $2,078.33. Debtor's actual net income is -$6,541.35 (-$4,463.02 + -$2,078.33 = -$6,541.35).

## DEBTOR HAS FILED A PLAN WHICH ON ITS FACE IS NOT FEASIBLE

14. On August 8, 2025, Debtor filed her Chapter 13 Plan in the Current Case.[13] Debtor's Plan provides for a 60-month term and despite the fact that Debtor's scheduled monthly net income in the Current Case is -$4,463.02[14], Debtor's Chapter 13 Plan provides for a monthly plan payment of $2,250.00[15], an amount in excess of Debtor's scheduled monthly net income.

15. Further, Debtor's scheduled monthly net income of -$4,463.02[16] is insufficient to pay Debtor's estimated monthly plan payment on the mortgage arrears in the amount $1,939.70.[17]

16. Debtor has filed a chapter 13 plan which on its face is not feasible. Debtor's proposed

---

[12] *See*, RJN, Exhibit 4, Schedule J.
[13] A true and correct copy of Debtor's Chapter 13 Plan filed on August 8, 2025 as Docket No. 20 in the current case is attached as Exhibit 5 to the RJN.
[14] *See*, RJN, Exhibit 3, Schedule J.
[15] *See*, RJN Exhibit 5.
[16] *See*, RJN, Exhibit 3, Schedule J.
[17] *See*, RJN, Exhibit 5, Plan at Page 6.

plan payment of $2,250 exceeds the amount of Debtor's scheduled monthly net income of - $4,463.02. Also, Debtor's scheduled net income of -$4,463.02 is insufficient to pay Debtor's estimated monthly payment on the mortgage arrears of $1.939.70.

17. Debtor alleges she now has $70,000 on deposit to fund her plan. Because Debtor is currently operating in the negative, the monthly amount needed to pay the balance of Debtor's scheduled monthly expenses of $4,463.02 plus her proposed monthly plan payment of $2,250 plus the additional $2,078.33 needed to pay the ongoing mortgage payment is $8,791.35 ($4,463.02 + $2,250 + $2,078.33 = $8,791.35). Debtor's $70,000 deposit is not sufficient to fund her proposed 60 month plan and after subtracting $8,791.35 each month from the $70,000 deposit, the funds will be depleted in month seven (7).

18. Debtor has provided no evidence for this court to conclude that this case will result in a confirmed plan that will be fully performed.

**DEBTOR HAS FAILED TO REBUT THE PRESUMPTION OF A BAD FAITH FILING**

19. The Motion provides that Debtor will be making post-petition mortgage payments.[18] Wilmington has advised the Loan is due for August 1, 2025 and no payments have been received since this case was filed. Wilmington submits good faith is demonstrated by a debtor making their post-petition mortgage payments. In this case, Debtor has failed to make her post-petition mortgage payment.

20. Wilmington respectfully submits that Debtor has not rebut the presumption of a bad faith filing in this case. Debtor has filed a Plan which on its face is not feasible. Debtor's scheduled income in the current case is substantially less than her income in the Prior Case. Debtor has provided no evidence for this court to conclude that this case will result in a confirmed plan that will be fully performed. And, despite having $70,000 on deposit, Debtor has failed to pay her post-petition mortgage payment due

---

[18] *See*, Motion at Page 5, ¶ 4.a.2.C.

August 1, 2025.  Based thereon, Wilmington respectfully requests that the Court deny Debtor's Motion to extend the automatic stay.

|  |  |
|---|---|
|  | BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP |
| Dated:  August 19, 2025 | By:   /s/ Darlene C. Vigil<br>DARLENE C. VIGIL<br>Attorneys for Secured Creditor<br>WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3990 E. Concours Street, Suite 350, Ontario, CA 91764

A true and correct copy of the foregoing document entitled (*specify*): Opposition to Second Amended Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 20, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S Trustee/(RS): ustpregion16.rs.ecf@usdoj.gov
Debtor's Attorney:  Benjamin Heston: bhestonecf@gmail.com, benheston@recap.email, NexusBankruptcy@jubileebk.net
Chapter 13 Trustee Rod Danielson:  notice-efile@rodan13.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) August 20, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:  Lara Fakhoury, 1243 Jacaranda Pl., Upland, CA 91784-7410

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  August 20, 2025  , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

Hon. Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth St., Suite 345
Riverside, CA 92501-3819.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/20/2025 | DARLENE VIGIL | /s/ Darlene Vigil |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**