DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. Concours Street, Suite 350
Ontario, CA 91764
(626) 371-7000 – Phone
(972) 661-7726 – Fax
File No. 10483089
cdcaecf@BDFGroup.com

Attorneys for Objecting Secured Creditor
WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE
OF MFRA TRUST 2015-2

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>LARA FAKHOURY,<br><br><br><br>Debtor. | CASE NO.:      6:25-bk-15107-SY<br><br>CHAPTER:      13<br><br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO SECOND AMENDED MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY<br><br>HEARING:<br><br>DATE:      August 20, 2025<br>TIME:      9:30 a.m.<br>CTRM:      302 |

Pursuant to Federal Rule of Evidence 201, Secured Creditor WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2  ("Wilmington") hereby requests that the Court take judicial notice of the contents of the following exhibits:

1.      On May 15, 2025, Debtor Lara Fakhoury ("Debtor") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code commencing United States Bankruptcy Court, Central District of California, Case No. 6:25-bk-13166-SY (the "Prior Case").   On May 29, 2025, Debtor filed Schedules I and J (Dkt. #11), true and correct copies of which are attached collectively hereto as **Exhibit 1** and incorporated herein by reference.

2.      On June 25, 2025, Rod Danielson Chapter 13 Trustee filed in the Prior Case an Objection to Plan Confirmation and Request for Dismissal or Conversion to Chapter 7, a true and correct copy of which is attached hereto as **Exhibit 2** and incorporated herein by reference.

3.      On July 15, 2025, the Prior Case was dismissed at the confirmation hearing and the Order and Notice of Dismissal was entered on July 16, 2025 (Dkt. #21), a true and correct copy of which is attached hereto as **Exhibit 3** and incorporated herein by reference.

4.      On July 25, 2025, Debtor commenced the current case.  On August 8, 2025, Debtor filed Schedules I and J (Dkt. #16), true and correct copies of which are attached collectively hereto as **Exhibit 4** and incorporated herein by reference.

5.      On August 8, 2025, Debtor filed her Chapter 13 Plan in the Current Case, a true and correct copy of which is attached hereto as **Exhibit 5** and incorporated herein by reference.

|  |  |
|---|---|
|  | BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP |
| Dated:  August 19, 2025 | By:   /s/ Darlene C. Vigil_____ DARLENE C. VIGIL Attorneys for Secured Creditor WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2 |

# EXHIBIT 1

| Fill in this information to identify your case: |
|---|

| Debtor 1 | **Lara** | | **Fakhoury** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Central** District of **California**

| Case number | **6:25-bk-13166** |
|---|---|
| (if known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

| 1. Fill in your employment information. | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers. | Employment status | ☑ Employed ☐ Not employed | ☐ Employed ☐ Not employed |
| Include part-time, seasonal, or self-employed work. | Occupation | **Caregiver** | |
| Occupation may include student or homemaker, if it applies. | Employer's name | **In-Home Supportive Services** | |
| | Employer's address | **784 E Hospitality Ln** | |
| | | Number    Street | Number    Street |
| | | **Sn Bernrdno, CA 92415-0009** | |
| | | City    State    ZIP Code | City    State    ZIP Code |
| | How long employed there? | _____ | _____ |

## Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $4,320.28 | |
| 3. Estimate and list monthly overtime pay. | 3. + | $0.00 | + |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $4,320.28 | |

EXHIBIT 1

| Debtor 1 | Lara | Fakhoury | Case number (if known) | 6:25-bk-13166 |
| | First Name | Middle Name | Last Name | |

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here.................................................................→ | 4. | $4,320.28 | |
| **5. List all payroll deductions:** | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $330.50 | |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $0.00 | |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | |
| 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | |
| 5e. **Insurance** | 5e. | $50.78 | |
| 5f. **Domestic support obligations** | 5f. | $0.00 | |
| 5g. **Union dues** | 5g. | $0.00 | |
| 5h. **Other deductions.** Specify: _____ | 5h. + | $0.00 | + |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $381.28 | |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $3,939.01 | |
| **8. List all other income regularly received:** | | | |
| 8a. **Net income from rental property and from operating a business, profession, or farm** | | | |
| Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | |
| 8b. **Interest and dividends** | 8b. | $0.00 | |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | |
| Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | |
| 8d. **Unemployment compensation** | 8d. | $0.00 | |
| 8e. **Social Security** | 8e. | $0.00 | |
| 8f. **Other government assistance that you regularly receive** | | | |
| Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 | |
| 8g. **Pension or retirement income** | 8g. | $0.00 | |
| 8h. **Other monthly income.** Specify: _____ | 8h. + | $0.00 | + |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. | $0.00 | |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $3,939.01 + | = $3,939.01 |

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: **Contributions from Debtor's brother** _____  11. + | $4,253.00

| Debtor 1 | **Lara** | | **Fakhoury** | | Case number *(if known)* | **6:25-bk-13166** |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

---

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
   Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies

12. | **$8,192.01** |

**Combined
monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
   ☑ No.
   ☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Lara**                **Fakhoury** |
| | First Name       Middle Name       Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name       Middle Name       Last Name |
| United States Bankruptcy Court for the: | **Central District of California** |
| Case number (if known) | **6:25-bk-13166** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

**1. Is this a joint case?**

☑ No. Go to line 2.

☐ Yes. **Does Debtor 2 live in a separate household?**

    ☐ No

    ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

**2. Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☐ No

☑ Yes. Fill out this information for each dependent...............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 24 | ☐ No. ☑ Yes. |
| Child | 22 | ☐ No. ☑ Yes. |
| Child | 20 | ☐ No. ☑ Yes. |
| Child | 19 | ☐ No. ☑ Yes. |
| | | ☐ No. ☐ Yes. |

**3. Do your expenses include expenses of people other than yourself and your dependents?**

☑ No

☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| **4.** | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4.    **$5,000.00** |
| | If not included in line 4: | |
| 4a. | Real estate taxes | 4a.    **$0.00** |
| 4b. | Property, homeowner's, or renter's insurance | 4b.    **$0.00** |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c.    **$80.00** |
| 4d. | Homeowner's association or condominium dues | 4d.    **$0.00** |

| Debtor 1 | **Lara** | | **Fakhoury** | Case number *(if known)* | **6:25-bk-13166** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | **Your expenses** |
|---|---|---|

| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. | **$0.00** |
|---|---|---|---|
| 6. | Utilities: | | |
| | 6a. Electricity, heat, natural gas | 6a. | **$300.00** |
| | 6b. Water, sewer, garbage collection | 6b. | **$150.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | **$300.00** |
| | 6d. Other. Specify: _____ | 6d. | **$0.00** |
| 7. | Food and housekeeping supplies | 7. | **$1,000.00** |
| 8. | Childcare and children's education costs | 8. | **$0.00** |
| 9. | Clothing, laundry, and dry cleaning | 9. | **$150.00** |
| 10. | Personal care products and services | 10. | **$150.00** |
| 11. | Medical and dental expenses | 11. | **$0.00** |
| 12. | Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | **$300.00** |
| 13. | Entertainment, clubs, recreation, newspapers, magazines, and books | 13. | **$0.00** |
| 14. | Charitable contributions and religious donations | 14. | **$0.00** |
| 15. | Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | **$0.00** |
| | 15b. Health insurance | 15b. | **$0.00** |
| | 15c. Vehicle insurance | 15c. | **$250.00** |
| | 15d. Other insurance. Specify: _____ | 15d. | **$0.00** |
| 16. | Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | **$0.00** |
| 17. | Installment or lease payments: | | |
| | 17a. Car payments for Vehicle 1 | 17a. | **$0.00** |
| | 17b. Car payments for Vehicle 2 | 17b. | **$0.00** |
| | 17c. Other. Specify: _____ | 17c. | **$0.00** |
| | 17d. Other. Specify: _____ | 17d. | **$0.00** |
| 18. | Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I). | 18. | **$0.00** |
| 19. | Other payments you make to support others who do not live with you. Specify: _____ | 19. | **$0.00** |
| 20. | Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.* | | |
| | 20a. Mortgages on other property | 20a. | **$0.00** |
| | 20b. Real estate taxes | 20b. | **$0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | **$0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | **$0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. | **$0.00** |

| Debtor 1 | **Lara** | | **Fakhoury** | Case number *(if known)* | 6:25-bk-13166 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | | |
|---|---|---|---|
| 21. | **Other.** Specify: _____ | 21. + | $0.00 |

22. **Calculate your monthly expenses.**

| | | | |
|---|---|---|---|
| 22a. Add lines 4 through 21. | | 22a. | $7,680.00 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | 22b. | $0.00 |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | | 22c. | $7,680.00 |

23. **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. Copy line 12 (your combined monthly income) from *Schedule I*. | | 23a. | $8,192.01 |
| 23b. Copy your monthly expenses from line 22c above. | | 23b. − | $7,680.00 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | | 23c. | $512.01 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.

# EXHIBIT 2

ROD DANIELSON, Chapter 13 Trustee
3787 University Avenue
Riverside, CA 92501-3332
(951) 826-8000   FAX (951) 826-8090

FOR COURT USE ONLY

Chapter 13 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

**IN RE**

Lara Fakhoury

**DEBTOR**

**CHAPTER 13**
**CASE NO. 6:25-bk-13166-SY**

**TRUSTEE'S OBJECTION TO PLAN
CONFIRMATION AND REQUEST FOR
DISMISSAL OR CONVERSION TO CHAPTER 7**

**341A DATE/TIME:**   June 18, 2025  8:00 am
**CONF DATE/TIME:** July 15, 2025  1:30 pm
3420 Twelfth St.
**Courtroom: 302**
**Riverside, CA 92501**

The Chapter 13 Trustee hereby objects to confirmation of the plan in this case for the reasons set forth in Attachment A, incorporated herein by this reference.  The Trustee objects to the plan to the extent that it fails to comply with the mandatory provisions of the bankruptcy code, including but not limited to 11 U.S.C. §1322 and §1325, and any provisions governing disposable income, plan duration, and good faith.  The Trustee reserves the right to raise other objections in the course of plan confirmation.

Debtors and counsel are reminded:

1.   Failure to appear and prosecute this case at any confirmation hearing or initial or continued meeting of creditors may result in dismissal of the case, including dismissal with a 180-day bar to re-filing.  11 U.S.C. §1307(c), LBR 3015-1(c) and (d), 11 U.S.C. §109(g)(1).
2.   Failure to pay all required plan and mortgage payments timely and in the required amounts may result in dismissal of the case, including dismissal with a 180-day bar to re-filing.  LBR 3015-1(e) and (k)(4), 11 U.S.C. §§1326(a), 109(g)(1).
3.  Debtor is required to cooperate with the Chapter 13 Trustee.  11 U.S.C. §521(3).
4.   Any additional documents required to be submitted or requested by the Trustee herein or otherwise must be received by the Trustee not later than 5 business days following the initial 341(a) meeting of creditors.

WHEREFORE, the Chapter 13 Trustee hereby moves this court for its order denying confirmation and dismissing this case, including dismissal with a 180-day bar to re-filing, or converting the case to chapter 7, if appropriate.

DATED: June 25, 2025

/s/ Rod Danielson
Chapter 13 Trustee

FG:140 - 06/25/2025 - SJL

# EXHIBIT 2

**ATTACHMENT A -** FAKHOURY

### Declaration of Rod Danielson in Support For
### Objection to Plan Confirmation and Request Dismissal

The Chapter 13 Trustee hereby objects to confirmation of the plan and requests dismissal or conversion of this case on the following grounds and for the following reasons:

Wilmington has filed an Objection to Confirmation that must be resolved prior to confirmation of the case.

Debtor is not proposing this plan in good faith unless the Debtor agrees to conduit payments made by the Trustee to the lender directly because the Debtor has approximately $80,000 in mortgage arrears listed in the plan. The conduit payment will be calculated by the Trustee at the time of confirmation and does not need to be included in an amended plan. The Debtor (s) must continue to make mortgage payments directly to the lender until the plan is confirmed. [11 U.S.C. §1325(a)(3); In re Giesbrecht, 429 B.R. 682 (9th Cir. B.A.P. 2010)]

There are multiple issues with the plan. Debtor's plan doesn't list a plan payment amount nor a percentage to be paid to unsecured creditors. Class 2 has both boxes checked which is contradictory and there is a creditor listed in Class 2. The plan must be amended and served on all creditors with sufficient notice time.

Proof of income from all sources were not provided seven days before the 341(a) meeting as required. The court approved contribution declaration, with the contributor's six months of proof of income attached, was not filed with the court. [LBR 3015-1(c)(3)]

Schedule E/F fails to disclose the claim amounts for one or more of the debts listed.

The Debtor(s) failed to file the Tax Returns/Domestic Support Obligation Declaration.

Debtor(s) failed to file the Declaration Setting Forth Post-Petition, Pre-Confirmation Deeds of Trust Payments [LBR Form 3015-1.4]. In addition, any updated form must reflect cumulatively all payments made between the date of filing petition and the date of the declaration. The Declaration must be filed at least 14 days prior to the confirmation hearing. [LBR 3015-1(m)(6)]

The Debtor(s) must provide an unexpired declaration page of the auto insurance policy (not the insurance card) for all vehicles that the Debtor (s) owns or leases.

I declare under penalty of perjury that the foregoing is true and correct. Signed and dated at Riverside, California on 06/25/2025.

/s/ Rod Danielson

Chapter 13 Trustee

FG:140 - 06/25/2025 - SJL

| In re:   **LARA FAKHOURY** | **Chapter: 13** |
| --- | --- |
| Debtor(s) | Case Number:<br>**6:25-bk-13166-SY** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 3787 University Avenue, Riverside, CA 92501.

A true and correct copy of the foregoing document entitled:  **TRUSTEE'S OBJECTION TO PLAN CONFIRMATION AND REQUEST FOR DISMISSAL OR CONVERSION TO CHAPTER 7** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR  5005-2(d); and **(b)** in the manner indicated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING  ("NEF")** - Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **06/25/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**US Trustee: ustpregion16.rs.ecf@gov.com
ben@nexusbk.com**

☐ Service Information continued on attached pa

**2.    SERVED BY UNITED STATES MAIL:**
On **06/25/2025,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here contitutes a declaration that mailing to the judge  will be completed no later than

Debtor
LARA FAKHOURY
1243 JACARANDA PL
UPLAND, CA  91784-7410

HONORABLE SCOTT H. YUN
3420 TWELFTH ST, SUITE 345
RIVERSIDE, CA 92501-3819

☐ Service Information continued on attached pa

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method ), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal

☐ Service Information continued on attached pa

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____06/25/2025_____ | _____/s/ Susan Jones_____ |
| --- | --- |
| Date | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

FG: 140 - SJL
June 2012

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT 3

# United States Bankruptcy Court
## Central District of California

**3420 Twelfth Street, Riverside, CA 92501−3819**

## ORDER AND NOTICE OF DISMISSAL
## ARISING FROM CHAPTER 13 CONFIRMATION HEARING

**DEBTOR INFORMATION:**
Lara Fakhoury

**BANKRUPTCY NO.**  6:25−bk−13166−SY

**CHAPTER**  13

**Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s)., (if any):**  xxx−xx−0739
**Employer Tax−Identification (EIN) No(s).(if any):**  N/A
**Debtor Dismissal Date:** 7/16/25

**Address:**
1243 Jacaranda Pl
Upland, CA 91784−7410

Pursuant to the court's findings and conclusions made at the confirmation hearing in this case,
IT IS ORDERED THAT:

(1)  debtor's bankruptcy case is dismissed; and

(2)  the court retain jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising
under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

Dated: July 16, 2025

BY THE COURT,

**Kathleen J. Campbell**
Clerk of Court

Form van150−od13a Rev. 06/2017

**21 / SM6**

EXHIBIT 3

# EXHIBIT 4

Fill in this information to identify your case:

Debtor 1 __Lara_____Fakhoury_____
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing) First Name          Middle Name          Last Name

United States Bankruptcy Court for the: __Central__ District of __California__

Case number __6:25-bk-15107-SY__
(if known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter
13 income as of the following date:
_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

| 1. Fill in your employment information. | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers. | Employment status | ☑ Employed ☐ Not employed | ☐ Employed ☐ Not employed |
| Include part-time, seasonal, or self-employed work. | Occupation | Caregiver | |
| Occupation may include student or homemaker, if it applies. | Employer's name | In-Home Supportive Services | |
| | Employer's address | 784 E Hospitality Ln | |
| | | Number    Street | Number    Street |
| | | | |
| | | Sn Bernrdno, CA 92415-0009 | |
| | | City    State    ZIP Code | City    State    ZIP Code |
| | How long employed there? | _____ | _____ |

## Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $4,346.67 | |
| 3. Estimate and list monthly overtime pay. | 3. + | $0.00 | + |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $4,346.67 | |

Official Form 106I                    Schedule I: Your Income                    page 1

# EXHIBIT 4

| Debtor 1 | Lara | | Fakhoury | | Case number *(if known)* | 6:25-bk-15107-SY |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|

Copy line 4 here................................................ → **4.**   **$4,346.67**  _____

**5.** **List all payroll deductions:**

| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $332.52 | _____ |
|---|---|---|---|---|
| 5b. | Mandatory contributions for retirement plans | 5b. | $0.00 | _____ |
| 5c. | Voluntary contributions for retirement plans | 5c. | $0.00 | _____ |
| 5d. | Required repayments of retirement fund loans | 5d. | $0.00 | _____ |
| 5e. | Insurance | 5e. | $52.16 | _____ |
| 5f. | Domestic support obligations | 5f. | $0.00 | _____ |
| 5g. | Union dues | 5g. | $0.00 | _____ |
| 5h. | Other deductions. Specify: _____ | 5h. + | $0.00 | + _____ |

**6.** **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h.   **6.**   **$384.68**

**7.** **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   **7.**   **$3,961.99**

**8.** **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   **8a.**   $0.00   _____

8b. **Interest and dividends**   **8b.**   $0.00   _____

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   **8c.**   $0.00   _____

8d. **Unemployment compensation**   **8d.**   $0.00   _____

8e. **Social Security**   **8e.**   $0.00   _____

8f. **Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____   **8f.**   $0.00   _____

8g. **Pension or retirement income**   **8g.**   $0.00   _____

8h. **Other monthly income. Specify:** _____   **8h. +**   $0.00   + _____

**9.** **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h.   **9.**   **$0.00**   _____

**10.** **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   **10.**   **$3,961.99**   +   _____   =   **$3,961.99**

**11.** **State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify:   **Contributions from Debtor's brother**   **11. +**   **$0.00**

| Official Form 106I | **Schedule I: Your Income** | page 2 |
|---|---|---|

| Debtor 1 | **Lara** | | **Fakhoury** | Case number *(if known)* | **6:25-bk-15107-SY** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies

12. **$3,961.99**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☑ Yes. Explain:

> **Debtor's spouse is looking for work and has several prospects. Debtor will amend Schedules I & J once he obtains employment.**

---

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Lara** _____ **Fakhoury** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **Central District of California** |
| Case number | **6:25-bk-15107-SY** |
| (if known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
    expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Your Household

1.  **Is this a joint case?**

    ☑ No. Go to line 2.

    ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No

        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2.  **Do you have dependents?**

    Do not list Debtor 1 and Debtor 2.

    Do not state the dependents' names.

    ☐ No

    ☑ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 24 | ☐ No.  ☑ Yes. |
| Child | 22 | ☐ No.  ☑ Yes. |
| Child | 20 | ☐ No.  ☑ Yes. |
| Child | 19 | ☐ No.  ☑ Yes. |
| | | ☐ No.  ☐ Yes. |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**

    ☑ No

    ☐ Yes

## Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|
| 4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | **$5,745.00** |
| If not included in line 4: | | |
| 4a.  Real estate taxes | 4a. | **$0.00** |
| 4b.  Property, homeowner's, or renter's insurance | 4b. | **$0.00** |
| 4c.  Home maintenance, repair, and upkeep expenses | 4c. | **$80.00** |
| 4d.  Homeowner's association or condominium dues | 4d. | **$0.00** |

| Debtor 1 | **Lara** | | **Fakhoury** | | Case number *(if known)* | **6:25-bk-15107-SY** |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| | | | **Your expenses** |
|---|---|---|---|

| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | **$0.00** |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | **$300.00** |
| | 6b. Water, sewer, garbage collection | 6b. | **$150.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | **$300.00** |
| | 6d. Other. Specify: _____ | 6d. | **$0.00** |
| 7. | **Food and housekeeping supplies** | 7. | **$1,000.00** |
| 8. | **Childcare and children's education costs** | 8. | **$0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | **$150.00** |
| 10. | **Personal care products and services** | 10. | **$150.00** |
| 11. | **Medical and dental expenses** | 11. | **$0.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | **$300.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | **$0.00** |
| 14. | **Charitable contributions and religious donations** | 14. | **$0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | **$0.00** |
| | 15b. Health insurance | 15b. | **$0.00** |
| | 15c. Vehicle insurance | 15c. | **$250.00** |
| | 15d. Other insurance. Specify: _____ | 15d. | **$0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | **$0.00** |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | **$0.00** |
| | 17b. Car payments for Vehicle 2 | 17b. | **$0.00** |
| | 17c. Other. Specify: _____ | 17c. | **$0.00** |
| | 17d. Other. Specify: _____ | 17d. | **$0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* (Official Form 106I). | 18. | **$0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | **$0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a. Mortgages on other property | 20a. | **$0.00** |
| | 20b. Real estate taxes | 20b. | **$0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | **$0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | **$0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. | **$0.00** |

| Debtor 1 | **Lara** | | **Fakhoury** | | Case number *(if known)* | **6:25-bk-15107-SY** |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

21. **Other.** Specify: _____     21.  +  _____ **$0.00**

22. **Calculate your monthly expenses.**

    22a. Add lines 4 through 21.     22a.  _____ **$8,425.00**

    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2     22b.  _____ **$0.00**

    22c. Add line 22a and 22b. The result is your monthly expenses.     22c.  _____ **$8,425.00**

23. **Calculate your monthly net income.**

    23a. Copy line 12 (your combined monthly income) from *Schedule I.*     23a.  _____ **$3,961.99**

    23b. Copy your monthly expenses from line 22c above.     23b.  −  _____ **$8,425.00**

    23c. Subtract your monthly expenses from your monthly income.
         The result is your *monthly net income.*     23c.  **($4,463.02)**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☑ No.
    ☐ Yes.

# EXHIBIT 5

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| **NEXUS BANKRUPTCY**<br>Benjamin Heston (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for Debtor(s)* | |

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| List all names (including trade names) used by Debtor within the last 8 years.<br><br>In re:<br><br>LARA FAKHOURY,<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: **6:25-bk-15107-SY**<br>CHAPTER 13 |
|---|---|
| | **CHAPTER 13 PLAN**<br>☒ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ __ Amended*<br><br>*list below which sections have been changed:<br>_____<br>[FRBP 3015(b); LBR 3015-1] |
| | **11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>Date:       **August 27, 2025**<br>Time:       **9:00 AM**<br>Address:   **Zoom video meeting**<br>**Go to Zoom.us/join**<br>**Enter Meeting ID 376 608 2241**<br>**Passcode 7122449023**<br>**OR call 1 909 498 7843** |
| | **PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>Date:       **10/7/2025**<br>Time:       **1:30 PM**<br>Courtroom: **302**<br>Address:   **3420 Twelfth Street**<br>**Riverside, CA 92501** |

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT 5

## PART 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

***PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.***

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

***Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.***

**1.1    Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
☐ Included    ☒ **Not Included**

**1.2    Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
☐ Included    ☒ **Not Included**

**1.3    Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
☐ Included    ☒ **Not Included**

**1.4    Other Nonstandard Plan provisions, set out in Section IV:**
☐ Included    ☒ **Not Included**

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                Page 2                                **F 3015-1.01.CHAPTER13.PLAN**

## PART 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

## SECTION I. PLAN PAYMENT AND LENGTH OF PLAN

A.  Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 28th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015 1(k)(1)(A)).

Payments by Debtor of:

__$2,250__ per month for months __1__ through __60__ totaling __$135,000__

For a total plan length of __60__ months, totaling __$135,000__

B.  Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is $106,002. Of this amount, $50,861 is a student loan which is separately classified as Class 5B and paid outside the plan, leaving $55,141 of non-priority unsecured claims which are paid in Class 5A.

1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are nest payment will be effective.

a.  ☑    **"Percentage" plan:** __0%__ of the total amount of these claims, for an estimated total payment of __$0__.

b.  ☑    **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of __$0__ and __0%__ to claims in Class 5. The   amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.  Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

a.  the sum of __$0__, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

b.  if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of __$0__, representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

E. Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits Of Account # | Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F. Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G. The Chapter 13 Trustee is authorized to disburse funds after the date Plan confirmation is announced in open court.

H. Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I. Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J. If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K. Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

## SECTION II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

## A.  ORDER OF PAYMENT OF CLAIMS:

1st   If there are Domestic Support Obligations, the order of priority will be:

(a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(c) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(d) Administrative expenses (Class 1(a)) until paid in full.

2nd   Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan.

3rd   Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                        Page 4                                F 3015-1.01.CHAPTER13.PLAN

**B.  CLASSIFICATION AND TREATMENT OF CLAIMS:**

<table>
<tr><td colspan="4" style="text-align:center"><strong>CLASS 1</strong></td></tr>
<tr><td colspan="4"><strong>ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507</strong><br><br>Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.<br><br>Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.</td></tr>
<tr><td><strong>CATEGORY</strong></td><td><strong>AMOUNT OF PRIORITY CLAIM</strong></td><td><strong>INTEREST RATE, IF ANY</strong></td><td><strong>TOTAL PAYMENT</strong></td></tr>
<tr><td colspan="4"><strong>a.  Administrative expenses</strong></td></tr>
<tr><td>(1)  Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan.</td><td></td><td></td><td></td></tr>
<tr><td>(2)  Attorney's Fees</td><td><strong>$7,000</strong></td><td></td><td><strong>$7,000</strong></td></tr>
<tr><td>(3)  Chapter 7 Trustee's Fees</td><td></td><td></td><td></td></tr>
<tr><td>(4)  Other</td><td></td><td></td><td></td></tr>
<tr><td>(5)  Other</td><td></td><td></td><td></td></tr>
<tr><td colspan="4"><strong>b.  Other priority claims</strong></td></tr>
<tr><td>(1)  Internal Revenue Service</td><td></td><td></td><td></td></tr>
<tr><td>(2)  Franchise Tax Board</td><td></td><td></td><td></td></tr>
<tr><td>(3)  Domestic Support Obligation</td><td></td><td></td><td></td></tr>
<tr><td>(4)  Other</td><td></td><td></td><td></td></tr>
<tr><td colspan="4"><strong>c.  Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)</strong><br><br><em>(specify creditor name)</em></td></tr>
<tr><td></td><td></td><td></td><td></td></tr>
</table>

☐ See attachment for additional claims in Class 1.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE
### ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☑ **None**. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| **WILMINGTON TRUST, NA** | **3040** | **$116,382** | **0%** | **$1,940** | **$116,382** | ☐ Trustee<br>☑ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

☑ **None**. *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

_____

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                          Page 6                          **F 3015-1.01.CHAPTER13.PLAN**

## CLASS 3B

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN**

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

(a) Bifurcated claims - secured parts: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

(i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

(ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) Bifurcated claims - unsecured parts: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENT |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

. ☐ See attachment for additional claims in Class 3B.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID
IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING
CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☐ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

### CURE AND MAINTAIN CLAIMS

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | | | | ☐ Trustee<br>☐ Debtor |

☐ See attachment for additional claims in Class 3C.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 8                    **F 3015-1.01.CHAPTER13.PLAN**

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

☐ See attachment for additional claims in Class 3D.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 9                    **F 3015-1.01.CHAPTER13.PLAN**

## CLASS 4

**OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE
AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE,
WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)**

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CURE OF DEFAULT | | | | ONGOING PAYMENT DISBURSING AGENT |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | | | | |

☐ See attachment for additional claims in Class 4.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                          Page 10                                          **F 3015-1.01.CHAPTER13.PLAN**

## CLASS 5A

### NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED

Allowed non-priority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

## SEPARATE CLASSIFICATION:

*Check all that apply if Debtor proposes any separate classification of non-priority unsecured claims.*

☐ **None.** *If "None" is checked, the rest of this form for Class 4 need not be completed.*

## CLASS 5B

☑ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| SALLIE MAE | 0739 | 4% | Unknown | $50,861 |

## CLASS 5C

☐ **Other separately classified non-priority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

☐ See attachment for additional claims in Class 5.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                     Page 11                     **F 3015-1.01.CHAPTER13.PLAN**

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above

| CREDITOR NAME | DESCRIPTION |
|---|---|
|  |  |

☐ See attachment for additional claims in Class 6.

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (identify the contract or lease at issue and the other party(ies) to the contract or lease):

Creditor name: _____
Description: _____
    ☐ Rejected     ☐ Assumed; cure amount (if any): _____,
                   to be paid over _____ months

Creditor name: _____
Description: _____
    ☐ Rejected     ☐ Assumed; cure amount (if any): _____,
                   to be paid over _____ months

**Payments to be cured within ___ months of filing the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 12                    **F 3015-1.01.CHAPTER13.PLAN**

## SECTION III. PLAN SUMMARY

| | |
|---|---:|
| **CLASS 1a** | **$7,000** |
| **CLASS 1b** | **$0** |
| **CLASS 1c** | **$0** |
| **CLASS 2** | **$116,382** |
| **CLASS 3B** | **$0** |
| **CLASS 3C** | **$0** |
| **CLASS 3D** | **$0** |
| **CLASS 4** | **$0** |
| **CLASS 5A** | **$0** |
| **CLASS 5C** | **$0** |
| **CLASS 7** | **$0** |
| **SUB-TOTAL** | **$123,382** |
| **CHAPTER 13 TRUSTEE'S FEE** (Estimated 11% unless advised otherwise) | **$11,618** |
| **TOTAL PAYMENT** | **$135,000** |

## SECTION IV. NON-STANDARD PLAN PROVISIONS

☑ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is <u>ineffective</u>.** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:** _____
**Description of lien and collateral** (e.g., 2nd lien on 123 Main St.)**:** _____

_____

**Name of Creditor Lienholder/Servicer:** _____
**Description of lien and collateral** (e.g., 2nd lien on 123 Main St.)**:** _____

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                  Page 13                         **F 3015-1.01.CHAPTER13.PLAN**

☐ **C.**  <u>Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien</u>. Debtor proposes to modify the following secured claims and liens in this Plan <u>without</u> a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER:** _____

☐  Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

(attach page with legal description of property or document recording number as appropriate)

☐  Other collateral (add description such as judgment date, date and place of lien recording, book and page number):

_____

☐  11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐  11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above-described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under non-bankruptcy law or one of the following:

*(check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH):*

☐  (1) discharge under 11 U.S.C. § 1328, or

☐  (2) Upon completion of all Plan payments.

Value of collateral: ……………………………………………………………… $ _____
Liens reducing equity (to which subject lien can attach):
  $ _____ + $ _____ + $ _____ = $ _____
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): ………… $ _____

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form <u>Attachment B, C and/or D</u> to this Plan, as applicable.  (Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.)**

Amount of remaining secured claim (negative results should be listed as $-0-): …. $ _____

Note: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 14                    **F 3015-1.01.CHAPTER13.PLAN**

☐ **D. Other Non-Standard Plan Provisions (use attachment, if necessary):**

## SECTION V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date: **8/8/2025**

**/s/Benjamin Heston**
BENJAMIN HESTON
**Attorney for Debtor(s)**

LARA FAKHOURY
**Debtor 1**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page 15                          **F 3015-1.01.CHAPTER13.PLAN**

**ATTACHMENT A to Chapter 13 Plan/Confirmation Order**
**(11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))**

☑ **None.** *If "None" is checked, the rest of this Attachment A need not be completed.*

1.    **Creditor Lienholder/Servicer:** _____
       **Subject Lien** *(e.g., 2nd lien on 123 Main St.):* _____
       _____

*2.*   **Creditor Lienholder/Servicer:** _____
       **Subject Lien** *(e.g., 3rd lien on 123 Main St.):* _____
       _____

3.    **Creditor Lienholder/Servicer:** _____
       **Subject Lien** *(e.g., 4th lien on 123 Main St.):* _____
       _____

4.    **Creditor Lienholder/Servicer:** _____
       **Subject Lien** *(e.g., 2nd lien on 456 Broadway):* _____
       _____

5.    **Creditor Lienholder/Servicer:** _____
       **Subject Lien** *(e.g., 3rd lien on 456 Broadway):* _____
       _____

6.    **Creditor Lienholder/Servicer:** _____
       **Subject Lien** *(e.g., 4th lien on 456 Broadway):* _____
       _____

7.    **Creditor Lienholder/Servicer:** _____
       **Subject Lien** *(e.g., 2nd lien on 789 Crest Ave.):* _____
       _____

8.    **Creditor Lienholder/Servicer:** _____
       **Subject Lien** *(e.g., 3rd lien on 789 Crest Ave.):* _____
       _____

9.    **Creditor Lienholder/Servicer:** _____
       **Subject Lien** *(e.g., 4th lien on 789 Crest Ave.):* _____
       _____

(Attach additional pages for more liens/provisions.)

**CERTIFICATION**: I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on *(date)*:  **8/8/2025**_____

*Printed name:* **Benjamin Heston**_____     *Signature:*  **/s/ Benjamin Heston**_____
☑ Attorney for debtor(s) or  ☐ Debtor appearing without attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 16                    **F 3015-1.01.CHAPTER13.PLAN**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3990 E. Concours Street, Suite 350, Ontario, CA 91764

A true and correct copy of the foregoing document entitled (*specify*): <u>Request for Judicial Notice in Support of Opposition
to Second Amended Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay</u> will be served
or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>August 20, 2025,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S Trustee/(RS):  ustpregion16.rs.ecf@usdoj.gov
Debtor's Attorney:  Benjamin Heston:  bhestonecf@gmail.com, benheston@recap.email,
    NexusBankruptcy@jubileebk.net
Chapter 13 Trustee Rod Danielson:  notice-efile@rodan13.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>August 20, 2025,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor:  Lara Fakhoury, 1243 Jacaranda Pl., Upland, CA 91784-7410

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __August 20, 2025__, I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in
writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a
declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the
document is filed.

☐ Service information continued on attached page

Hon. Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth St., Suite 345
Riverside, CA 92501-3819.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/20/2025 | DARLENE VIGIL | /s/ Darlene Vigil |
|-----------|---------------|-------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.