| | FOR COURT USE ONLY |
|---|---|
| ROD DANIELSON, Chapter 13 Trustee<br>3787 University Avenue<br>Riverside, CA 92501-3332<br>(951) 826-8000   FAX (951) 826-8090<br><br><br><br>Chapter 13 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| IN RE<br><br>Lara Fakhoury<br><br><br><br><br>DEBTOR | CHAPTER 13<br>CASE NO. 6:25-bk-15107-SY<br><br>**TRUSTEE'S OBJECTION TO PLAN CONFIRMATION AND REQUEST FOR DISMISSAL OR CONVERSION TO CHAPTER 7**<br><br>341A DATE/TIME:   August 27, 2025  9:00 am<br>CONF DATE/TIME: October 07, 2025  1:30 pm<br>3420 Twelfth St.<br>Courtroom: 302<br>Riverside, CA 92501 |

The Chapter 13 Trustee hereby objects to confirmation of the plan in this case for the reasons set forth in Attachment A, incorporated herein by this reference.  The Trustee objects to the plan to the extent that it fails to comply with the mandatory provisions of the bankruptcy code, including but not limited to 11 U.S.C. §1322 and §1325, and any provisions governing disposable income, plan duration, and good faith.  The Trustee reserves the right to raise other objections in the course of plan confirmation.

Debtors and counsel are reminded:

1.   Failure to appear and prosecute this case at any confirmation hearing or initial or continued meeting of creditors may result in dismissal of the case, including dismissal with a  180-day bar to re-filing.  11 U.S.C. §1307(c), LBR 3015-1(c) and (d), 11 U.S.C. §109(g)(1).
2.   Failure to pay all required plan and mortgage payments timely and in the required amounts may result in dismissal of the case, including dismissal with a  180-day bar to re-filing.   LBR 3015-1(e) and (k)(4), 11 U.S.C. §§1326(a), 109(g)(1).
3.  Debtor is required to cooperate with the Chapter 13 Trustee.  11 U.S.C. §521(3).
4.  <u>Any additional documents required to be submitted or requested by the Trustee herein or otherwise must be received by the Trustee not later than 5 business days following the initial  341(a) meeting of creditors</u>.


WHEREFORE, the Chapter 13 Trustee hereby moves this court for its order denying confirmation and dismissing this case, including dismissal with a  180-day bar to re-filing, or converting the case to chapter 7, if appropriate.


DATED: August 28, 2025                                                                     /s/ Rod Danielson
                                                                                                          Chapter 13 Trustee


FG:140 - 08/28/2025 - SJL

**ATTACHMENT A -** FAKHOURY

## Declaration of Rod Danielson in Support For
## Objection to Plan Confirmation and Request Dismissal

The Chapter 13 Trustee hereby objects to confirmation of the plan and requests dismissal or conversion of this case on the following grounds and for the following reasons:

The August plan payment was not made by the Debtor(s). [LBR 3015-1(k)(1)(A)]

Debtor is not proposing this plan in good faith unless the Debtor agrees to conduit payments made by the Trustee to the lender directly because the Debtor has approximately $116,382 in mortgage arrears listed in the plan. The conduit payment will be calculated by the Trustee at the time of confirmation and does not need to be included in an amended plan. The Debtor (s) must continue to make mortgage payments directly to the lender until the plan is confirmed. [11 U.S.C. §1325(a)(3); In re Giesbrecht, 429 B.R. 682 (9th Cir. B.A.P. 2010)]

Student loans may only be paid directly if the plan pays all other creditors 100%. [11 U.S.C. §1322(b)(1) and (10)]

The disposable income on Schedule J is negative. Counsel should amend Schedule J to propose a feasible budget since this is not a chapter 7 and requires a sufficient surplus to pay the plan payment proposed. [11 U.S.C. §1325(a)(6)]

Income on Schedule I is understated for the Debtor based on the proof provided, it is $4,262/month net average versus $3,961/month on Schedule I. The plan payment should be increased. The plan does not represent the Debtor's best efforts to fund the plan. The Debtor has unreasonably high expenses for a household of 2, specifically: $1,000 food, $150 clothes (no minors). [11 U.S.C. §1325(b)(1)(b); Hamilton v. Lanning, 560 U.S. 505; 130 S. Ct. 2464 (2010)]

Debtor's spouse's new income is not disclosed on Schedule I.

There is non-exempt equity in Debtor's personal property in the amount of $70,066 approximately, therefore, the plan must pay that amount to unsecured creditors to comply with liquidation requirements. [11 U.S.C. §1325(a)(4)]

I declare under penalty of perjury that the foregoing is true and correct. Signed and dated at Riverside, California on 08/28/2025.

                                                            /s/ Rod Danielson
                                                            Chapter 13 Trustee

| In re: **LARA FAKHOURY** | **Chapter: 13** |
|---|---|
| Debtor(s) | Case Number: **6:25-bk-15107-SY** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3787 University Avenue, Riverside, CA 92501.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S OBJECTION TO PLAN CONFIRMATION AND REQUEST FOR DISMISSAL OR CONVERSION TO CHAPTER 7** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **08/28/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**US Trustee: ustpregion16.rs.ecf@gov.com**
**ben@nexusbk.com**

☐ Service Information continued on attached pa

2. **SERVED BY UNITED STATES MAIL:**
On **08/28/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here contitutes a declaration that mailing to the judge will be completed no later than

Debtor
LARA FAKHOURY
1243 JACARANDA PL
UPLAND, CA  91784-7410

HONORABLE SCOTT H. YUN
3420 TWELFTH ST, SUITE 345
RIVERSIDE, CA 92501-3819

☐ Service Information continued on attached pa

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal

☐ Service Information continued on attached pa

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 08/28/2025 | /s/ Susan Jones |
|---|---|
| Date | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

FG: 140 - SJL
June 2012

**F 9013-3.1.PROOF.SERVICE**