**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>LARA FAKHOURY,<br><br>        Debtor. | Case No: 6:25-bk-15107-SY<br><br>Chapter 13<br><br>**AMENDED MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO CONTINUE THE AUTOMATIC STAY**<br><br>**Hearing:**<br>Date:  October 1, 2025<br>Time:  9:30 a.m.<br>Courtroom:  302 |

TO THE HONORABLE SCOTT H. YUN, THE CHAPTER 13 TRUSTEE, AND ALL INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on October 1, 2025, at 9:30 AM, in Courtroom 302 of the United States Bankruptcy Court, Central District of California, located at 3420 Twelfth Street, Riverside, CA 92501, Debtor Lara Fakhoury will and does hereby move this Court to reconsider the denial of her Motion to Continue the Automatic Stay.

This motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this motion with the Court and serve a copy of it upon the movant's attorney at the address set forth above no less than fourteen (14) days before the hearing date. If you fail to file a written response to the motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

## INTRODUCTION

Debtor, Lara Fakhoury, respectfully moves this Court to reconsider its Order Denying Motion for Order Continuing the Automatic Stay, entered on August 28, 2025 (Docket #26). This Motion is brought pursuant to Federal Rule of Civil Procedure (FRCP) 60(b)(1), (2), and (3), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024.

Reconsideration is warranted based on newly discovered evidence and misrepresentations in the opposition and at the hearing, which Debtor had no meaningful opportunity to rebut. The 11th hour filing of the Opposition by Wilmington Trust ("Wilmington") just prior to the hearing constitutes surprise and resulted in excusable neglect (FRCP 60(b)(1)), prevented Debtor from presenting new evidence of her changed financial circumstances (FRCP 60(b)(2)), and allowed Lender's material misrepresentations to stand unchallenged (FRCP 60(b)(3)).

## LEGAL ARGUMENT

### A.
### There Were Material Misrepresentations Which
### the Court and Debtor Relied Upon

Lender's Opposition contained several key factual assertions that are demonstrably false. Debtor now provides the evidence that she was unable to present at the hearing. The Opposition states that "the Loan is due for August 1, 2025 and no payments have been received since this case was filed." At the hearing, Counsel for Wilmington reiterated this many times.

On August 8, 2025, Debtor sent a cashier's check for $5,745.00 to Wilmington via certified mail. United States Postal Service tracking confirms that this payment was received at Wilmington's designated payment address on August 12, 2025. Lender's misrepresentation regarding Debtor making post-petition payments was highly prejudicial.

Lender's Opposition criticized Debtor for listing a monthly mortgage payment of $5,745 on Schedule J instead of $7,823.33, and for understating the total arrears. However, Debtor's figures were taken directly from Wilmington's Objection to Confirmation in Debtor's prior

bankruptcy case which states: **"Wilmington has advised the amount of the June 1, 2025 monthly mortgage payment is $5,744.73."** *See Case No. 6:25-bk-13166-SY, Docket #16, p. 2, lines 24-25.*

Debtor should not be penalized for relying on figures provided by the Lender itself in a pleading filed just two months prior. Her initial schedules were filed in good faith based on the best information available, which came from the Lender. The Debtor has since sent two payments to Wilmington for the correct amount of $7,823.33, which brings her current on her post-petition mortgage payments.

## B.

## Debtor Has Addressed All Deficiencies and Demonstrated a

## Substantial Change in Circumstances.

Since the hearing, Debtor has taken immediate steps to cure the issues raised in the Opposition, demonstrating both her good faith and the feasibility of her reorganization.

Lender correctly noted that Debtor's initial schedules reflected insufficient income. However, the Debtor's spouse has since become employed, which will increase the household income by approximately $11,000 after deductions. By the time of the hearing, Debtor did not yet have pay stubs and other information necessary to amend her schedules.

Concurrently with this Motion, Debtor is filing Amended Schedules I & J, which reflect this new income. This new income demonstrates a substantial change in financial circumstances and provides the Debtor with sufficient disposable income to fund a feasible Chapter 13 plan.

To address Wilmington's correct arrearage figure of $138,587, Debtor is concurrently filing an Amended Chapter 13 Plan. The amended plan increases the monthly plan payment from $2,250 to $2,670 to ensure Wilmington is paid in full.

Furthermore, Debtor on her Chapter 13 plan payments. On August 19, 2025, Debtor made her first plan payment to the Trustee in the amount of $2,250. To account for difference of plan payments in the original plan, Debtor has since made an additional catch-up payment of

$3,090. This payment covers the increased amount for the August plan payment and prepays the entire September plan payment, which is not due until September 25, 2025.

**The Debtor is has made all payments required for confirmation and she has resolved all outstanding objections.**

## CONCLUSION

The Court's order was based on an inaccurate record which the Debtor did not have an opportunity to correct or supplement. As stated herein, Debtor has submitted evidence proving her good faith, having made all post-petition payments, and cured all alleged deficiencies. Her case is ready for confirmation and she had the means to successfully complete her Chapter 13 Plan. The Debtor has approximately $700,000 of equity in her home that would be lost by foreclosure and cause an extreme financial hardship. She is sufficiently motivated to complete her plan.

For the foregoing reasons, Debtor respectfully requests that the Court vacate its Order and enter an order granting Debtor's Motion to Continue the Automatic Stay.

Respectfully submitted,

**NEXUS BANKRUPTCY**

/s/Benjamin Heston
Date: September 4, 2025
BENJAMIN HESTON,
Attorney for Debtor

# **DECLARATION OF LARA FAKHOURY**

I, Lara Fakhoury, declare as follows:

1. I am the Debtor in this Chapter 13 bankruptcy case. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. On August 8, 2025, I sent a cashier's check in the amount of $5,745.00 via certified mail to Wilmington Trust for my August mortgage payment. I have attached as Exhibit A true and correct photographs of the cashier's check, the certified mail receipt, and the USPS tracking information showing it was delivered on August 12, 2025.

3. Following the hearing on August 20, 2025, I sent two additional payments of $7,823.33 to Wilmington to cover ongoing mortgage payments for August and September. Attached hereto as Exhibit B is a true and correct photograph of the cashier's checks and screenshot showing the tracking.

4. On August 19, 2025, I made my first plan payment of $2,250 to the Trustee. In order to pay Wilmington in full, I amended my plan to increase payments to $2,670. I have since made an additional Chapter 13 plan payment of $3,090 to the Trustee to cover the shortfall of August's payment and the September payment. Attached hereto as Exhibit C are a true and correct screenshot showing both payments.

5. As I have made the August and September mortgage and Chapter 13 payments, I have made all payments that are required for confirmation which is set for October 7, 2025.

6. My husband recently began new employment working for his brother, Kal. This income is reflected on our Amended Schedules I & J, filed concurrently with this Motion. Attached as Exhibit D is a true and correct letter from my husband's employer confirming his employment and bi-weekly pay of $7,100. With this income, we can afford our regular expenses and plan payment of $2,670. This increase of income, and minor changes to our expenses, resolves all issues raised in the Chapter 13 Trustee's Objection to Confirmation.

7. My family and I intend to pay off the plan early with our increased income and assistance from family to ensure our Lender is paid in full as quickly as possible. The loss of our home, which has significant equity of approximately $700,000, would be a devastating financial blow, and the fear of foreclosure has caused us extreme anxiety.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: September 3, 2025

_____
LARA FAKHOURY

# EXHIBIT A







# EXHIBIT B









# EXHIBIT C





# EXHIBIT D

**ELJO, LLC**

2209 East Baseline Road, Suite 307 Claremont, CA 91711

**September 3, 2025**

**RE: Employment Verification for Majed Fakhoury**

To Whom It May Concern:

My name is Kal Elias, and I am the Chief Executive Officer of ELJO, LLC. We are a business that works in real estate development and investment.

This letter is to confirm that Mr. Majed Fakhoury has been hired by our company as a Finance Manager. His employment commenced on September 2, 2025, at our facility in Rialto, California.

Mr. Fakhoury's compensation is $7,100.00 every two weeks, resulting in a monthly gross income of approximately $14,200.00.

Should you require any further information, please do not hesitate to contact me by email at law4y2k@aol.com or by phone at (310) 502-1785.

Sincerely,

Kal Elias
Chief Executive Officer
ELJO, LLC

X [signature]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO CONTINUE THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/4/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
Edward A Treder    cdcaecf@bdfgroup.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Darlene C Vigil    cdcaecf@bdfgroup.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 9/4/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott H. Yun
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/3/2025 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**