1

DARLENE C. VIGIL
State Bar No. 223442

2

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

3

3990 E. Concours Street, Suite 350
Ontario, CA 91764

4

(626) 371-7000 – Phone

5

(972) 661-7726 – Fax
File No. 10550242

6

cdcaecf@BDFGroup.com

7

Attorneys for Interested Party

8

WILMINGTON TRUST, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL

9

CAPACITY, BUT SOLELY AS TRUSTEE
OF MFRA TRUST 2015-2

10

UNITED STATES BANKRUPTCY COURT

11

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

12

13

| In re: | CASE NO.: | 6:25-bk-15107-SY |
|---|---|---|

14

LARA FAKHOURY,

CHAPTER:    13

15

16

Debtor.

OPPOSITION TO DEBTOR'S AMENDED
MOTION FOR RECONSIDERATION OF
ORDER DENYING MOTION TO CONTINUE
THE AUTOMATIC STAY

17

18

HEARING:

19

20

DATE:    October 1, 2025
TIME:    9:30 a.m.
CTRM:    302

21

22

23

Interested Party and former Secured Creditor Wilmington Trust, National Association, Not in its

24

Individual Capacity, but Solely as Trustee of MFRA Trust 2015-2  ("Wilmington") hereby submits the

25

following opposition to Debtor Lara Fakhoury's ("Debtor") Amended Motion for Reconsideration of

26

Order Denying Debtor's Motion to Continue the Automatic Stay filed on September 4, 2025 (Dkt. #33)

27

and set for hearing on October 1, 2025 at 9:30 a.m.  ("Motion").

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

11 U.S.C. § 362(c)(3)(A) provides that the automatic stay terminated after thirty days in this case because Debtor had a prior case dismissed in the preceding 1-year period. .Section 362(c)(3)(B) provides that the Court can extend the automatic stay if the debtor "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

On August 11, 2025 Debtor filed her second amended motion to continue the automatic stay (Dkt. #22) ("Motion to Continue the Automatic Stay").  In  support of extending the automatic stay, Debtor alleged the presumption of a bad faith filing is overcome because there has been a substantial change in her financial affairs since the dismissal of the prior case which will result in a confirmed plan that will be fully performed.

On August 8, 2025, Debtor filed Schedules I and J (Dkt. #16) and Chapter 13 Plan (Dkt. #20). Debtor's Schedules reflect Debtor's income had substantially decreased since the dismissal of the prior case.  In addition, in the prior case, Debtor's Schedule J  (Dkt. #11) reflected  positive cash flow each month.  In the current case, Debtor's Schedule J (Dkt. #16) reflects Debtor is operating in the negative each month in the amount of -$4,463.02.  Despite the fact that Debtor is operating in the negative each month, Debtor's Chapter 13 Plan proposed a 60-month term providing for monthly plan payments of $2,250, an amount in excess of Debtor's scheduled monthly net income of -$4,463.02.  Simply put, Debtor filed a plan which on its face was not feasible.  Debtor's Motion to Continue the Automatic Stay reflected a substantial decrease in Debtor's income and provided no reason for the Court to conclude the current chapter 13 case will result in a confirmed plan.

11 U.S.C. § 362(c)(3)(C) requires Debtor to rebut the presumption of bad faith "by clear and convincing evidence." After reviewing the Motion to Continue the Stay, Wilmington's timely filed Opposition and oral argument by counsel for Debtor and Wilmington, the Court denied Debtor's Motion to Continue the Stay advising Debtor failed to provide clear and convincing evidence to rebut the presumption of bad faith.  The Order Denying Debtor's Motion to Continue the Stay was entered on August 28, 2025 (Dkt. #26).  Because the stay was not extended, the automatic stay in the current case

terminated on August 24, 2025. On September 4, 2025, Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW"), as the duly appointed foreclosure trustee conducted a non-judicial foreclosure sale of the Property.  At the sale, a third party bidder submitted the prevailing bid and acquired the Property.

On September 4, 2025, Debtor's instant motion for reconsideration was  filed.  Debtor's counsel suggests he was surprised by Wilmington's 11th hour Opposition which in turn, allegedly allowed misrepresentations to be unchallenged and prevented Debtor from providing new evidence of her changed financial circumstances.[1]  On September 3, 2025, Debtor filed amended Schedules I and J (Dkt. #29) and an Amended Chapter 13 Plan (Dkt. #30).  Debtor suggests based on this new evidence cause exists to vacate the order.  Debtor seeks relief under FRCP 60(b)(1), (2) and (3), made applicable to this bankruptcy proceeding by FRBP 9024.

Debtor provides no facts to support vacating the Order Denying Debtor's Motion to Continue the Stay.  Wilmington's Opposition was timely filed prior to the hearing.  At the outset of the August 20, 2025 hearing, Debtor's counsel advised he received and reviewed the Opposition.  Debtor was afforded due process at the hearing.  Debtor's counsel was heard and participated in oral argument advocating for the Debtor.

One argument raised by Wilmington in the written opposition and in oral argument was no payments had been received from the Debtor since the filing of this case.  Debtor's counsel challenged that argument advising Debtor informed him a payment in the amount of $5,745 had been mailed to Wilmington on August 8, 2025.  After hearing argument on behalf of both parties, the Court denied Debtor's Motion to Continue the Stay advising Debtor had not rebut the presumption of  a bad faith filing. Debtor's scheduled income was in the negative, Debtor filed a plan that was not feasible, and Debtor filed no contribution evidence.

Debtor's alleged failure to make a payment since the case was filed was one argument made by Wilmington but this case and its record at the time of the hearing had many problems to support the denial of the motion.

---

[1] *See*, Motion, Page 2.

On September 4, 2025 Wilmington advised on August 12, 2025 the foreclosure department received funds from the Debtor in the amount of $5,745 which were rejected and returned to the Debtor. Wilmington is preparing a declaration for filing with this Court to advise what occurred regarding those funds.   I apologize for the confusion regarding these funds.

Wilmington's Opposition did not prevent Debtor from filing new evidence of alleged changed financial circumstances.  Debtor had the burden to provide clear and convincing evidence to rebut the presumption of bad faith.  If Debtor had new evidence of changed financial circumstances Wilmington's Opposition did not prevent Debtor from filing amended schedules or declarations prior to the August 20, 2025 hearing.

As to Debtor's new evidence consisting of Amended Schedules I and J (Dkt. #29), Amended Chapter 13 Plan filed on September 3, 2025 (Dkt. #30) and Debtor's Exhibit D filed in support of this Motion which is a copy of correspondence dated September 3, 2025 from ELJO, LLC advising Majed Fakhoury's employment commenced on September 2, 2025, this evidence was not in existence at the time of the August 20, 2025 hearing.  Newly discovered evidence within the meaning of FRCP 60(b)(3) refers to evidence in existence at the time of the hearing.  Debtor essentially seeks to improperly get a "second bite at the apple" based upon evidence not in existence at the time of the August 20, 2025 hearing.  The Motion should be denied.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY:

A.    DEBTOR'S 2019 MORTGAGE LOAN AND DEFAULT - On or about January 25, 2019, Debtor Lara Fakhoury ("Debtor") executed a promissory note in favor of Wilmington's predecessor in interest Citadel Servicing Corporation ("Citadel") ("Note") in the original principal amount of $780,000.00 ("Loan Obligation").[2]  At the same time as security for the Note, Debtor Lara Fakhoury, a Single Woman,  executed a first priority deed of trust ("Deed of Trust") in favor of Citadel against Debtor's real property commonly known as **1243 Jacaranda Place, Upland, CA 91784** ("Property").  The Deed of Trust recorded on January 29, 2019, as Instrument No. 2019-0029406, in the Office of the County

---

[2] A copy of the Note is attached as Exhibit 1 to the Request for Judicial Notice filed concurrently herewith ("RJN").

Recorder of San Bernardino County, California.[3] The Deed of Trust was assigned to Wilmington on February 11, 2022 and recorded against the Property on February 11, 2022, as Instrument No. 2022-0058280 in the Office of the County Recorder of San Bernardino County.[4]

Commencing in April, 2024, Debtor failed to pay as agreed under the terms of the Note and Deed of Trust.   Non-judicial foreclosure proceedings were commenced against the Property on behalf of Wilmington by the recording of a Notice of Default on September 24, 2024.[5]  A Notice of Trustee's Sale recorded on April 15, 2025 setting an initial foreclosure sale date of May 19, 2025.[6]

B.    DEBTOR'S PRIOR BANKRUPTCY - Prior to the filing of this case, Debtor had one bankruptcy case which was pending within the prior twelve (12) months.  On May 15, 2025, four days before the scheduled foreclosure sale, Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, and was assigned Case No. 6:25-bk-13166-SY (the "Prior Case").   Due to the filing of the Prior Case, the foreclosure sale was subsequently postponed to July 28, 2025.

On May 29, 2025, Debtor filed Schedules I and J (Dkt. #11);[7] Debtor's Schedule I, Line 12 reflects Debtor's combined monthly income is the amount of $8,192.01.[8] Schedule J, Line 23c, reflects Debtor's monthly net income is $512.01.[9]

On June 12, 2025, Wilmington filed an Objection to the Confirmation of Debtor's Plan  (Dkt. #16). On June 25, 2025 Chapter 13 Trustee Rod Danielson filed an objection to plan confirmation and a request for dismissal or conversion to Chapter 7.  On July 15, 2025, the  Prior Case dismissed at the confirmation hearing and the Order and Notice of Dismissal was entered on July 16, 2025 (Dkt. #21).[10]

C.    DEBTOR'S CURRENT BANKRUPTCY - On July 25, 2025, Debtor commenced the current case (the "Current Case").  Due to the filing of the Current Case, the foreclosure sale was postponed

---

[3] A true and correct copy of the Deed of Trust is attached as Exhibit 2 to the RJN.
[4] A true and correct copy of the Assignment is attached as Exhibit 3 to the RJN.
[5] A true and correct copy of the Notice of Default is attached as Exhibit 4 to the RJN.  .
[6] A true and correct copy of the Notice of Trustee's Sale is attached as Exhibit 5 to the RJN.
[7]  True and correct copies of Debtor's Schedules I and J filed in Debtor's Prior Case on May 29, 2025 (Dkt. #11) are collectively attached as Exhibit 6 to the RJN.
[8] *See*, RJN, Exhibit 6, Schedule I.
[9] *See*, RJN, Exhibit 6, Schedule J.
[10] A true and correct copy of the Order and Notice of Dismissal entered on July 16, 2025 (Dkt. #21) in Debtor's Prior Case is attached as Exhibit 7 to the RJN.

OPPOSITION

to August 28, 2025.

On August 8, 2025, Debtor filed Schedules I and J (Dkt. #16).[11] Schedule I, Line 10 reflects Debtor's monthly income is the amount of $3,961.99[12], which is substantially less than her scheduled monthly income of $8,192.01 in the Prior Case. Schedule J, Line 23 reflects Debtor's monthly net income in the amount of -$4,463.02.[13] which is substantially less than her monthly net income in the Prior Case. On August 8, 2025, Debtor filed her Chapter 13 plan proposing a 60-month term with monthly plan payments in the amount $2,250[14], which is more than Debtor's scheduled net income of -$4,463.02.

D.    DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY - On August 11, 2025, Debtor filed her Motion to Continue the Automatic Stay (Dkt. #22). The hearing on the motion was scheduled on shortened time for August 20, 2025 at 9:30 a.m. The deadline to file written opposition was at the hearing. Debtor alleged the presumption of a bad faith filing is overcome because there has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the Prior Case. The motion reflects from this, the court may conclude that this case will result in a confirmed plan that will be fully performed.

On August 20, 2025 at 8:07 a.m. Wilmington's Opposition to the motion was timely filed and served on Debtor's counsel (Dkt. #23). The Opposition advised Debtor's Schedules I and J in the Current Case reflect Debtor's income had substantially decreased since the dismissal of the Prior Case. In addition, in the Prior Case, Debtor's Schedule J (Dkt. #11) reflected positive cash flow each month. In the Current Case, Debtor's Schedule J (Dkt. #16) reflects Debtor is operating in the negative each month in the amount of -$4,463.02. The Opposition also advised despite the fact that Debtor is operating in the negative each month, Debtor's Chapter 13 Plan proposed a 60-month term providing for monthly plan payments of $2,250, an amount in excess of Debtor's scheduled monthly net income of -$4,463.02.

---

[11]  True and correct copies of Debtor's Schedules I and J filed in the Current Case on August 8, 2025 (Dkt. #16) are collectively attached as Exhibit 8 to the RJN.

[12]  *See,* RJN, Exhibit 8, Schedule I.

[13]  *See,* RJN, Exhibit 8 , Schedule J.

[14]  A true and correct copy of Debtor's Chapter 13 Plan filed on August 8, 2025 as Docket No. 20 in the Current Case is attached as Exhibit 9 to the RJN.

Wilmington advised Debtor filed a plan which on its face was not feasible and Debtor provided no reason for the Court to conclude the current chapter 13 case will result in a confirmed chapter 13 plan that will be performed.

On August 20, 2025, the hearing on the Motion to Continue the Automatic Stay was held as scheduled. After hearing argument on behalf of both parties, the Court denied Debtor's Motion to Continue the Stay advising Debtor had not rebut the presumption of a bad faith filing. Debtor's scheduled income was in the negative, Debtor filed a plan that was not feasible, and Debtor filed no contribution evidence.

E. <u>WILMINGTON'S FORECLOSURE SALE</u> - On September 4, 2025, BDFTW, as the duly appointed foreclosure trustee conducted a non-judicial foreclosure sale of the Property. A third party bidder submitted the prevailing bid and acquired the Property.

F. <u>BANKRUPTCY FILED BY MAJED FAKHOURY AND ADVERSARY PROCEEDING</u> - On August 25, 2025 Majed Fakhoury filed a voluntary petition under Chapter 13, Case No. 6:25-bk-15967-SY. On September 8, 2025, Mr. Fakhoury filed an Adversary Complaint against Wilmington and BDFTW in his bankruptcy (Adversary Case No. 6:25-ap-01104-SY). The Adversary Complaint alleges four causes of action for willful violation of the automatic stay, avoidance of unauthorized postpetition transfer, turnover of property of the estate, declaratory relief and injunctive relief.

III. **ARGUMENT**

<u>DEBTOR FAILS TO STATE ANY EXTRAORDINARY CIRCUMSTANCES TO JUSTIFY VACATING THE ORDER DENYING DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY</u>

Debtor shows no cause why this Court should grant relief under FRCP, Rule 60, made applicable by FRBP, Rule 9024. This Court should deny Debtor's Motion in its entirety because

Debtor fails to show extraordinary circumstances to justify setting aside the Order Deny Debtor's Motion to Continue the Automatic Stay.

Debtor bears the burden of establishing that she is entitled to relief pursuant to FRCP, Rule 60(b). *In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995).  In particular, the Debtor must show that there is exceptional or extraordinary circumstance in this case.  *Id.*  A motion for reconsideration pursuant to FRCP, Rule 60(b) cannot substitute the appeal process or become a vehicle to revisit issues and facts that were already ruled or were available to be ruled in the first instance.  *Id.*

1.    <u>DEBTOR FAILS TO ALLEGE FACTS TO JUSTIFY VACATING THE ORDER DUE TO SURPRISE OR EXCUSABLE NEGLECT</u> – FRCP, Rule 60(b)(1) allows for relief from an order due **to** "mistake, inadvertence, surprise or excusable neglect."  Debtor's counsel suggests he was surprised by the 11th hour filing of Wilmington's Opposition.  The Motion to Continue the Automatic Stay (Dkt. #22) reflects on Page 2, Paragraph 3.b "any written response or evidence must be filed and served at the hearing, at least 0 days before the hearing.  Wilmington's Opposition was filed on August 20, 2025 at 8:07 a.m. (Dkt. #23), prior to the hearing scheduled for 9:30 a.m.  Concurrently with the filing of the Opposition, Debtor's counsel was served by the Court by ECF (Dkt. #23).  At the hearing on the motion, Debtor's counsel confirmed he had received and reviewed the Opposition.

Counsel suggests due to the 11th hour filing of Wilmington's Opposition, he had no meaningful opportunity to rebut[15] and resulted in excusable neglect.[16]  Counsel chose to file and schedule the hearing on the Motion on shortened time.  Debtor was afforded due process in this case.  The Opposition was timely filed prior to the hearing and Debtor's counsel was heard and participated in the August 20, 2025 hearing advocating for the Debtor.

---

[15] *Id.*
[16] *Id.*

Debtor suggests Wilmington's Opposition somehow prevented Debtor from presenting new evidence of her changed financial circumstances. Debtor bears the burden of providing clear and convincing evidence to rebut the presumption of a bad faith filing. Counsel acknowledges Debtor's initial schedules were filed based on the best information available.[17] If Debtor's financial situation had changed prior to the August 20, 2025 hearing, the filing of Wilmington's Opposition did not prevent Debtor from filing amended schedules or declarations evidencing the changed circumstances. Debtor provides no facts to support relief from the Order under FRCP, Rule 60(b)(1) for alleged surprise or excusable neglect. The Motion should be denied.

2.    <u>DEBTOR FAILS TO ALLEGE FACTS TO JUSTIFY VACATING THE ORDER ON THE GROUND OF NEWLY DISCOVERED EVIDENCE</u> – FRCP, Rule 60(b)(2) affords a party relief from an order on the ground of newly discovered evidence. On September 3, 2025, Debtor filed Amended Schedules I and J signed by Debtor on September 3, 2025 (Dkt. #29) and First Amended Chapter 13 Plan signed by Ben Heston on September 3, 2025 (Dkt. #30). Debtor's amended schedules reflect increased income. On September 4, 2025 Debtor filed this Motion attaching as Exhibit D a copy of correspondence dated September 3, 2025 from ELJO, LLC advising Majed Fakhoury's employment commenced on September 2, 2025. Debtor suggests this evidence is "newly discovered evidence" within the meaning of FRCP, Rule 60(b)(2).

It is settled practice that the phrase "newly discovered evidence" refers to evidence in existence at the time of trial but of which the moving party was excusably ignorant. *Brown v. Penn. R.R.,* 282 F.2d 522 (3rd Cir. 1960), cert. denied 365 U.S. 818 (1961). In this case, Debtor's new evidence was not in existence at the time of the August 20, 2025 hearing. As a result, they are not "newly discovered evidence" within the meaning of FRCP, Rule 60(b)(2). The Motion should be denied.

---

[17] *See,* Motion, Page 3.

3.      <u>DEBTOR FAILS TO ALLEGE FACTS TO JUSTIFY VACATING THE ORDER DUE TO ALLEGED MISREPRESENTATION OR FRAUD</u> – FRCP, Rule 60(b)(3) allows relief from an order on the basis of fraud, misrepresentation or other misconduct of an adversary party. Debtor suggests material misrepresentations were made by Wilmington in connection with Debtor's August 1, 2025 mortgage payment which were allegedly allowed to stand unchallenged. As a result, Debtor seeks relief from the Order Denying Debtor's Motion to Continue the Automatic Stay under FRCP, Rule 60(b)(3).

One argument raised by Wilmington in its written Opposition and in oral argument at the August 20, 2025 hearing was no payments had been received from the Debtor since the filing of the case. At the hearing, Debtor's counsel challenged that argument. Wilmington has since confirmed the foreclosure division received these funds which were rejected and returned to the Debtor. This case and its record at the time of the hearing had many problems to support the denial of the motion. The Court advised Debtor failed to provide clear and convincing evidence to rebut the presumption of a bad faith filing – Debtor's scheduled income was in the negative, Debtor filed a plan that was not feasible and Debtor filed no contribution evidence. Debtor fails to show cause to justify vacating the Order under FRCP, Rules 60(b)(1), (2) and (3) and fails to show what extraordinary circumstances exist to justify vacating the Order. The Motion should be denied.

**IV.    CONCLUSION** - Based on the foregoing, Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely as Trustee of MFRA Trust 2015-2 respectfully requests that this Court deny Debtor Lara Fakhoury's Amended Motion for Reconsideration of Order Denying Motion to Continue the Automatic Stay.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

Dated:  September 17, 2025         By:     /s/ Darlene C. Vigil_____
                                             DARLENE C. VIGIL
                                             Attorneys for Interested Party
                                             WILMINGTON TRUST, NATIONAL ASSOCIATION,
                                             NOT IN ITS INDIVIDUAL CAPACITY, BUT
                                             SOLELY AS TRUSTEE OF MFRA TRUST 2015-2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3990 E. Concours Street, Suite 350, Ontario, CA 91764

A true and correct copy of the foregoing document entitled (*specify*): Opposition to Amended Motion for Reconsideration of Order Denying Motion to Continue the Automatic Stay  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 17, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S Trustee/(RS):  ustpregion16.rs.ecf@usdoj.gov
Debtor's Attorney:  Benjamin Heston:  bhestonecf@gmail.com, benheston@recap.email,
    NexusBankruptcy@jubileebk.net
Chapter 13 Trustee Rod Danielson:  notice-efile@rodan13.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) September 17, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:  Lara Fakhoury, 1243 Jacaranda Pl., Upland, CA 91784-7410

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  September 17, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

Hon. Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth St., Suite 345
Riverside, CA 92501-3819.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/17/2025 | DARLENE VIGIL | /s/ Darlene Vigil |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**