DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. Concours Street, Suite 350
Ontario, CA 91764
(626) 371-7000 – Phone
(972) 661-7726 – Fax
File No. 10550242
cdcaecf@BDFGroup.com

Attorneys for Objecting Interested Party
WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2015-2

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re: | CASE NO.:    6:25-bk-15107-SY |
| LARA FAKHOURY, | CHAPTER:    13 |
| Debtor. | OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN |
| | CONFIRMATION HEARING:<br>DATE:    October 7, 2025<br>TIME:    1:30 p.m.<br>CTRM:    302 |

    Interested Party and former Secured Creditor Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely as Trustee of MFRA Trust 2015-2 ("Wilmington") hereby submits the following objection to Debtor Lara Fakhoury's ("Debtor") First Amended Chapter 13 Plan filed on September 3, 2025 (Dkt. #30) ("Plan"), on the following grounds:

1
OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN

1. Prior to September 4, 2025, Wilmington held a secured claim evidenced by a promissory note in the original principal amount of $780,000 ("Loan") executed by Debtor Lara Fakhoury ("Debtor") on or about January 25, 2019, collateralized by a first priority deed of trust encumbering the real property located at 1243 Jacaranda Place, Upland, CA 91784 ("Property") and recorded on January 29, 2019, as Instrument No. 2019-0029406, Official Records of San Bernardino County, California. The Note was executed by one obligor, Lara Fakhoury, and the Deed of Trust was executed by one mortgagor, Lara Fakhoury, a single woman.

2. On August 8, 2025, Debtor filed Schedules A and D (Dkt. #16). Schedule A reflects the Debtor is the sole owner of the Property. Schedule D reflects Debtor is the sole obligor on the Loan.

3. On August 11, 2025 Debtor's second amended motion to continue the automatic stay was filed (Dkt. #22). On August 20, 2025 Debtor's Motion was denied (Dkt. #22). Because the automatic stay was not extended in this case, by operation of law the automatic stay terminated on August 25, 2025.

4. On September 4, 2025, Wilmington's non-judicial foreclosure sale of the Property was conducted as scheduled. A third party bidder was the successful bidder at the sale and acquired the Property. Due to the foreclosure, there is no longer a loan.

5. Despite the fact that there is no longer a loan, Debtor's Amended Plan provides for the Loan in the cure and maintain provisions of Class 2. Wilmington objects to any attempt of the Debtor to somehow seek to reorganize the foreclosed Loan in her Chapter 13 case.

6. On September 4, 2025, Debtor filed a Motion for Reconsideration of the Order Denying Debtor's Motion to Continue the Automatic Stay (Dkt. #33) ("Motion"). The Motion identifies three payments allegedly sent by the Debtor: $5,745 sent on August 8, 2025 and two payments each in the amount of $7,823.33 sent on August 20, 2025.

7. On August 17, 2025, Wilmington filed opposition to the Motion (Dkt. #35) and on August 18, 2025 the Declaration in Support of Wilmington's opposition was filed (Dkt. #37). The Declaration advised the payments identified in the Motion, $5,745 sent on August 8, 2025 and two payments each in the amount of $7,823.33 sent on August 20, 2025, were returned to the Debtor.

8.  Debtor's Amended Plan which seeks to somehow reinstate the foreclosed Loan is proposed in bad faith and is not confirmable. As a result, the Plan does not comply with the requisites of 11 U.S.C. section 1325(a)(3) and cannot be confirmed.

9.  Based on the foregoing, the Debtor's Plan does not comply with the provisions of the United States Bankruptcy Code. Debtor's Plan cannot be confirmed as the Plan is proposed in bad faith and is not confirmable. See 11 U.S.C. section 1325(a)(3).

WHEREFORE, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee of MFRA Trust 2015-2 prays as follows:

1.  That the court deny confirmation of the Debtor's Chapter 13 Plan; and

2.  For such other relief as this Court deems proper.

Dated:  September 23, 2025　　　　　　　　　　BARRETT DAFFIN FRAPPIER
　　　　　　　　　　　　　　　　　　　　　　　TREDER & WEISS, LLP

　　　　　　　　　　　　　　　　By:　/s/ Darlene C. Vigil
　　　　　　　　　　　　　　　　　　DARLENE C. VIGIL
　　　　　　　　　　　　　　　　　　Attorneys for Interested Party
　　　　　　　　　　　　　　　　　　WILMINGTON TRUST, NATIONAL
　　　　　　　　　　　　　　　　　　ASSOCIATION, NOT IN ITS INDIVIDUAL
　　　　　　　　　　　　　　　　　　CAPACITY, BUT SOLELY AS TRUSTEE
　　　　　　　　　　　　　　　　　　OF MFRA TRUST 2015-2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3990 E. Concours Street, Suite 350, Ontario, CA 91764

A true and correct copy of the foregoing document entitled (*specify*): Objection to Confirmation of Debtor's First Amended Chapter 13 Plan   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 23, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S Trustee/(RS):  ustpregion16.rs.ecf@usdoj.gov
Debtor's Attorney:  Benjamin Heston:  bhestonecf@gmail.com, benheston@recap.email, NexusBankruptcy@jubileebk.net
Chapter 13 Trustee Rod Danielson:  notice-efile@rodan13.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 23,, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor:  Lara Fakhoury, 1243 Jacaranda Pl., Upland, CA 91784-7410

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  September 23, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

Hon. Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth St., Suite 345
Riverside, CA 92501-3819.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/23/2025 | DARLENE VIGIL | /s/ Darlene Vigil |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**