**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>LARA FAKHOURY,<br><br>  Debtor. | Case No: 6:25-bk-15107-SY<br><br>**Chapter 13**<br><br>**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO CONTINUE THE AUTOMATIC STAY**<br><br>**Hearing:**<br>Date: October 1, 2025<br>Time: 1:30 p.m.<br>Courtroom: 302 |

Debtor, Lara Fakhoury, hereby submits this reply to the Opposition filed by Wilmington Trust, National Association ("Wilmington") to the Amended Motion for Reconsideration.

**INTRODUCTION**

This Motion is not a challenge to the Court's prior ruling on the facts as they were presented. This motion provides the Court with an occasion to render a decision based on a complete and accurate factual record, an opportunity it was denied at the initial hearing due to the creditor's material misrepresentations. Although the Court cited other reasons for its decision, it is impossible to know whether a different conclusion would have been reached had the Court been aware that the Debtor was, in fact, attempting to remain current on her obligations by tendering certified funds and that it was only by virtue of Wilmington's refusal to accept those payments that this misrepresentation was made to the Court. This motion does not argue that the

1

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

1  Court erred, nor that it <u>must</u> now rule in the Debtor's favor. The grant or denial of a motion to
2  continue the stay is a matter within the Court's sound discretion. The Debtor asks only that the
3  Court be given the opportunity to exercise that discretion by reweighing the evidence in light of a
4  corrected record. For a matter with such significant consequences, the Court is absolutely
5  entitled to make its determination based on a complete and accurate evidentiary record.
6      Wilmington's Opposition advances the audacious legal theory that a creditor may
7  misrepresent material facts to the Court, obtain an order based on those misrepresentations, and
8  then argue that the resulting foreclosure sale sanitizes the initial misconduct. Wilmington now
9  concedes that its prior representation to the Court was false. Its own declaration confirms that it
10 received three timely payments but unilaterally rejected them, thereby attempting to enforce a
11 pre-petition acceleration in direct violation of the automatic stay. Stated differently, Wilmington
12 seeks to excuse its negligent misrepresentation to the Court by confessing to intentional and
13 willful misconduct.
14
15 **ARGUMENT**
16 **A.**
17 **Wilmington's Opposition is Internally Contradictory and Admits to Misconduct**
18     Wilmington asserts that the "Debtor provides no facts to support vacating the Order."
19 Yet, Wilmington concedes that it made a material misrepresentation to the Court regarding the
20 Debtor's post-petition payments. It is for the Court, not Wilmington, to decide whether this
21 admitted misrepresentation constitutes a sufficient basis for relief. Wilmington confirms it
22 rejected three timely payments based on its legally erroneous determination that the funds were
23 insufficient to "reinstate" the loan. This reasoning ignores a fundamental principle of Chapter 13
24 which allows a debtor to de-accelerate and reinstate a mortgage. *See In re Taddeo*, 685 F.2d 24
25 (2d Cir. 1982). The Debtor tendered these payments via cashier's check, meaning the funds were
26 guaranteed and irrevocably deducted from her account upon issuance. Wilmington's refusal to
27 accept these certified funds was therefore not a passive administrative action, but an active and
28 willful violation of the automatic stay. By rejecting the payments and demanding a full

"reinstatement," Wilmington was attempting to enforce the accelerated pre-petition debt in violation of §362(a)(6).

Wilmington first violated the stay by refusing the Debtor's payments in an attempt to enforce an accelerated balance, then it failed to disclose the tender of those payments to its counsel, leading to a misrepresentation to the Court. Now, it argues that because it acted on the resulting order by foreclosing, its initial misconduct should be sanitized. This position is untenable and asks the Court to sanction a process whereby a creditor can benefit from its own misrepresentations and stay violations.

### B.

### Proof of Debtor's Altered Financial Circumstances Qualify as

### Newly Discovered Evidence Under FRCP 60(b)(2)

Wilmington posits an unduly restrictive interpretation of FRCP 60(b)(2). While Debtor's counsel informed the Court at the hearing that the Debtor's spouse had secured new employment, the documentary proof of this crucial fact was not yet available. It was only after the hearing that the Debtor was able to obtain the formal employment verification letter and prepare amended schedules reflecting this new income. This verifiable evidence, which transforms the unsupported assertion of increased income into a documented reality, constitutes the "newly discovered evidence" that could not have been presented at the original hearing. The fact that the employment start date was after the hearing is immaterial; the critical point is that although the Debtor's spouse had retained new employment, and the evidence of this was not available at the time of the Court's initial ruling.

This new evidence serves to resolve the Court's prior concerns regarding the feasibility of the plan. The substantial increase in household income establishes a positive net monthly income sufficient to fund the Amended Chapter 13 Plan, which now provides for the full arrearage claimed by Wilmington. This development represents the "substantial change in the financial or personal affairs of the debtor" contemplated by the statute and the evidence of this that could not have been presented at the hearing constitutes new evidence that warrants the Court's

reconsideration of its prior order. Again, the Debtor acknowledges that this determination rests within the sound discretion of the Court and respectfully requests only that the Court exercise that discretion in light of the complete evidentiary record now before it.

### C.
### The Foreclosure Sale Is Void

The foreclosure sale is void as a matter of law. The sale was conducted in direct and willful violation of the automatic stay in the separate, pending bankruptcy case of the Debtor's husband, Majed Fakhoury (Case No. 6:25-bk-15967-SY). Wilmington was aware of this filing, and therefore the subsequent foreclosure sale on September 4, 2025, was a willful and intentional violation of the automatic stay in his case. It is black-letter law in the Ninth Circuit that actions taken in violation of the automatic stay are void *ab initio*, not merely voidable. *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992). This statutory violation provides an independent and unequivocal basis for declaring the foreclosure sale a legal nullity, irrespective of the outcome of this Motion. As a result of this violation, an adversary proceeding has been commenced against Wilmington.

Furthermore, the order from which Wilmington derived its authority to proceed with the sale was procured through material misrepresentations arising from its own refusal to accept payments. Actions taken in reliance upon an order that is subject to vacatur under FRCP 60(b) cannot provide a legitimate basis for the deprivation of property rights.

### CONCLUSION

The evidence submitted by Wilmington itself now substantiates the Debtor's contention that the Court was provided with inaccurate information regarding the central issue at the prior hearing. The Debtor has, in fact, tendered all requisite post-petition payments by certified funds and has demonstrated a substantial and positive change in financial circumstances that renders her Amended Plan feasible. Wilmington now asks this Court to ratify a foreclosure sale that is not only void as a matter of law, but was also procured through a direct misrepresentation to this Court. Wherefore, for the foregoing reasons, the Debtor respectfully requests that the Court grant

the Motion for Reconsideration, vacate its Order of August 28, 2025, continue the automatic stay, and grant such other relief as is just and proper.

                                            Respectfully submitted,

                                            **NEXUS BANKRUPTCY**

                                            /s/Benjamin Heston
Date: September 24, 2025                  BENJAMIN HESTON,
                                            Attorney for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO CONTINUE THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/24/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
Edward A Treder    cdcaecf@bdfgroup.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Darlene C Vigil    cdcaecf@bdfgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 9/24/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott H. Yun
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/24/2025 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**