**NEXUS BANKRUPTCY**
**BENJAMIN HESTON (297798)**
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No: 6:25-bk-15107-SY |
| LARA FAKHOURY, | Chapter 13 |
| Debtor. | REPLY TO OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN |
| | Hearing:<br>Date: October 7, 2025<br>Time: 1:30 p.m.<br>Courtroom: 302 |

Debtor Lara Fakhoury ("Debtor") submits this reply to the Objection to Confirmation (Dkt. #39) filed by Wilmington Trust, National Association ("Wilmington").

## INTRODUCTION

Following the denial of the motion to continue the stay, the Debtor and her spouse, Majed Fakhoury, were facing an imminent foreclosure that would have wiped out approximately $700,000 in equity and caused their family extreme hardship. Accordingly, Majed Fakhoury filed his own Chapter 13 bankruptcy case which is currently pending before this Court. As the Bankruptcy Appellate Panel for the Ninth Circuit has recognized, **a debtor is "not required, in the name of good faith, to stand by silently and lose [their] home."** *See In re Patlan*, 12-11743, at *1 (B.A.P. 9th Cir. Aug. 25, 2012)*. The filing of Mr. Fakhoury's bankruptcy case immediately imposed a stay which rendered the foreclosure sale on September 4, 2025 a legal

1
**REPLY TO OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

nullity. Wilmington's Objection to Confirmation is premised entirely on the legal fiction that this void foreclosure sale was valid.

As this Court knows, Chapter 13 cases are routinely filed on the eve of some kind of collection event, such as foreclosure or repossession. Such a filing is not an indication of bad faith; rather, it reflects that debtors properly view bankruptcy as a last resort, often after having exhausted all other non-bankruptcy options. To address this reality, the Bankruptcy Code and Ninth Circuit law provides a critical safeguard: **actions taken in violation of the automatic stay are void *ab initio***. This fundamental protection ensures that debtors who seek the protection of the Bankruptcy Court are afforded their full rights under the law. The objection asks this Court to deny confirmation based on a sale that Wilmington knowingly conducted in violation of the automatic stay in the bankruptcy case of the Debtor's husband. As a matter of law, this foreclosure effectively did not occur.

Wilmington's accusation of bad faith is a disingenuous attempt to divert attention from its own misconduct. The Debtor has, at every turn, acted in good faith by tendering all required payments and diligently working towards a confirmable plan. In stark contrast, Wilmington has misrepresented material facts to this Court, wrongfully rejected post-petition mortgage payments, and has knowingly and repeatedly violated the stay.

## ARGUMENT

### A.

### Wilmington's Objection Is Premised on a Void Foreclosure Sale

It is black-letter law in the Ninth Circuit that actions taken in violation of the automatic stay are void, not merely voidable. *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992). Wilmington's counsel confirmed to Debtor's counsel that they had actual knowledge of Mr. Fakhoury's bankruptcy filing prior to the sale. Its decision to proceed was a willful violation of 11 U.S.C. § 362(a). Because the sale is void, the Deed of Trust remains a valid lien, the underlying loan obligation remains in effect, and the claim is properly subject to treatment in the Debtor's Chapter 13 plan.

Wilmington incorrectly implies that Mr. Fakhoury lacked an interest in the Property sufficient to invoke the protection of the automatic stay. The Property was acquired during the marriage and the payments, including the down payment, the ongoing mortgage payments, taxes, and insurance were made with community funds. Under California Family Code §760, property acquired during marriage is presumptively community property, regardless of how title is held. As such, Mr. Fakhoury had an interest in the Property sufficient to invoke the protection of the automatic stay, and Wilmington's actions to foreclose were void.

The unwinding of foreclosure sales due to bankruptcy filings is a routine aspect of foreclosure practice. To excuse a creditor who proceeds with a sale despite having actual knowledge of a bankruptcy would nullify the protections of §362 and would create an incentive for creditors to foreclose first and deal with the consequences later, knowing that they will be up against a financially devastated debtor who now lacks the resources to effectively vindicate their rights. A family abruptly forced to find new housing while fighting an eviction is in a severely disadvantaged position to challenge the very creditor that created the crisis. The trivial inconvenience of unwinding a void sale cannot be used as a justification to override the fundamental statutory protections afforded to debtors.

### B.
### The Debtor's Plan Is Proposed in Good Faith

Once a creditor raises the issue of good faith, the Debtor bears the burden of proving that the petition was filed in good faith. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999). The Ninth Circuit's good faith analysis requires a holistic inquiry into the totality of the circumstances, focusing on factors such as whether the debtor has misrepresented facts, unfairly manipulated the Code, the history of filings, and whether the case was filed to defeat state court litigation. *Id.* Here, an analysis of these factors demonstrates the Debtor's good faith in filing this case and proposing her plan.

First, far from misrepresenting facts, the Debtor has been the victim of Wilmington's misrepresentations. It was Wilmington, not the Debtor, who presented false information to the

Court regarding post-petition payments. The Debtor has been open about her finances, not made any misrepresentations, tendered all post-petition mortgage payments via certified funds, made all required plan payments to the Trustee, and promptly amended her schedules and plan to reflect her husband's new employment and ensure feasibility.

Second, the Debtor's history of filings does not suggest abuse. This case, as well as the prior dismissed case and her husband's pending case, represents nothing more than a family's concerted effort to save their home. As the Ninth Circuit has recognized, filing a case to stop a foreclosure is not, in itself, an indicator of bad faith. *HSBC Bank USA v. Blendheim*, 803 F.3d 477, 501 (9th Cir. 2015). If Wilmington had cause to believe that the Debtor was engaged in a fraudulent or abusive scheme, its proper remedy would have been to seek *in rem* relief from the automatic stay under 11 U.S.C. § 362(d)(4). Wilmington declined to pursue this statutory remedy, and instead resorted to willfully violating the stay, presumably hoping to evade the consequences of this misconduct.

Third, this case was filed to achieve a core purpose of Chapter 13: the curing of a home mortgage default. This is not an attempt to unreasonably deter or harass a creditor, but to affect a "speedy, efficient reorganization on a feasible basis." *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994). The goal is not to achieve an objective "outside the legitimate scope of the bankruptcy laws," but to use those laws precisely as intended. *Id.*

Finally, the only egregious behavior present has been on the part of Wilmington, who has exhibited an intent to frustrate and interfere with the Debtor's legitimate attempts to reorganize and save her home. Wilmington wrongfully rejected the Debtor's timely mortgage payments in violation of the stay as an attempt to enforce the accelerated pre-petition debt. *See In re Taddeo*, 685 F.2d 24 (2d Cir. 1982). Wilmington then made material misrepresentations to the Court regarding these payments which resulted in an order that was based, at least in part, on these misrepresentations. Wilmington's smisconduct culminated in a willful violation of the automatic stay in a separate bankruptcy case, leading to a void foreclosure sale. Wilmington's allegation of bad faith is a cynical attempt to deflect from its own cascade of misconduct.

**REPLY TO OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

## CONCLUSION

For the reasons set forth above, Wilmington's Objection to Confirmation should be overruled. The objection is premised entirely on a foreclosure sale that is void *ab initio* as a result of Wilmington's willful violations of the automatic stay. Because the sale is a legal nullity, Wilmington's loan remains in effect and is properly treated in the Debtor's Chapter 13 Plan. The record demonstrates that the plan is feasible and has been proposed in good faith. The Debtor therefore respectfully requests that the Court overrule the objection and confirm her Chapter 13 Plan.

Respectfully submitted,

**NEXUS BANKRUPTCY**

Date: September 26, 2025

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/26/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
Edward A Treder    cdcaecf@bdfgroup.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Darlene C Vigil    cdcaecf@bdfgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 9/26/2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott H. Yun
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/26/2025 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**